# THE STATE v. HUGH WASHINGTON, Appellant.

### Division Two, June 23, 1914.

1. **FORGERY: Information: Trust Company: No Allegation That It is a Bank.** An information charging that defendant forged "a certain false, forged and counterfeit check, purporting to be . . . drawn on the Citizens Trust Company, duly organized under the laws of the State of Missouri, and doing a general trust and banking business," does not charge that the Citizens Trust Company is an incorporated bank, and for that reason is not a sufficient charge of forgery under Sec. 4643, R. S. 1909.

   *Held,* by WALKER, P. J., dissenting, that the allegation that the said company is "duly organized under the laws of the State of Missouri" is an allegation that said company is organized as a corporation, and that the further allegation that it is organized "to do a banking business" means that the company was a bank, and the information. is, therefore, sufficient.

2. **BILL OF EXCEPTIONS: Filing: Notation by Clerk.** For the reasons stated in State v. Prince, 258 Mo. 315, it is held that a notation made by the clerk upon the record proper showing that the bill of exceptions in the cause was filed, is sufficient evidence of its filing.

3. **FORGERY: Check: Incorporation of Drawee: Evidence.** To establish forgery under Sec. 4643, R. S. 1909, it must be proved that the institution upon which the check was drawn was incorporated.

4. **————: Informalities Not Affecting Substantial Rights.** It is a substantial difference to defendant whether he be convicted of forgery in the second or forgery in the third degree; and where he is charged with forgery in the second degree under Sec. 4643, R. S. 1909, the proof and the charge must bring his offense within the purview of that section, and it is not sufficient to simply prove that he forged a check.

Appeal from Cooper Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*W. Hall Trigg* for appellant.

(1) Words of a statute which are descriptive of an offense—a part of the statutory definition—cannot be omitted from an information founded thereon without fatally vitiating such information. 19 Cyc. 1393; State v. Hesseltine, 130 Mo. 468; State v. Minton, 116 Mo. 605; State v. Pickett, 174 Mo. 663. Sec. 4643, R. S. 1909, under which the information was drawn, describes an offense wherein one of the elements thereof is that the check be drawn on an "incorporated bank." The information is wholly wanting in any such averment, and, is, therefore, fatally defective. Com. v. Simonds, 11 Gray (Mass.), 306; Kennedy v. Com., 2 Metc. (Ky.) 36; Com. v. Lee, 37 S. W. (Ky.) 72; Benson v. State, 124 Ala. 92; Stone v. State, 20 N. J. L. 401; Benson v. State, 5 Minn. 19; State v. Brown, 4 R. I. 528. (2) Failure in proof of a constitutive element of an offense is reversible error. Likewise are instructions which omit such element. (3) It is the duty of the court to instruct on matters of defense where there is evidence tending to sustain them. In a criminal case so imperative is the rule that it becomes the court's duty *sua sponte.* State v. Harris, 134 S. W. (Mo.) 535; State v. Brown, 104 Mo. 565; State v. Lewis, 69 Mo. 94; State v. Fox, 148 Mo. 517; State v. Koplan, 167 Mo. 298.

*John T. Barker,* Attorney-General, and *S. P. Howell* for the State.

(1) A bill of exceptions filed in vacation must bear on its face the clerk's certificate attesting that fact and the date thereof, or an entry appear in the record proper to that effect, in order that matter of exception may be considered on appeal. When a bill is filed in vacation it must bear the certificate of the clerk that it was allowed, signed, filed and made a part of the record in the cause, or an entry equally as

full must appear in the record proper.  In this case the bill does recite over the signature of the trial judge that the "defendant tenders this his bill of exceptions and prays that the same may be allowed, signed, sealed, filed and made a part of the record herein, which is accordingly done," but this alone is not sufficient.  That means merely that the bill has met the approval of the judge, and that he orders the same to be filed, but there must in addition appear on the bill itself a certificate of the clerk that the order has been executed and the bill in fact made a part of the record.  Lafolette v. Thompson, 83 Mo. 199; County v. Cunningham, 101 Mo. 642; State v. Rolley, 135 Mo. 677; State ex rel. v. Broaddus, 207 Mo. 107; State v. Borders, 228 Mo. 478; Langstaff v. Webster Groves, 246 Mo. 223; Alt v. Dines, 227 Mo. 422.  (2) The information substantially follows the language of the statute and the approved forms, and is, therefore, sufficient. It charges with precision the elements and facts necessary to constitute the crime of forgery.  It fully informs the defendant of the exact nature of the accusation made against him, and more than that is not required.  No motion to quash was filed, the information being attacked for the first time in the motion in arrest. Sec. 4643, R. S. 1909; State v. Yeager, 86 Mo. 37; State v. Willard, 219 Mo. 721; State v. Willard, 228 Mo. 335; State v. Shields, 89 Mo. 259; Sec. 5115, R. S. 1909; State v. Ware, 62 Mo. 600; State v. Watson, 65 Mo. 118; State v. Dengolensky, 82 Mo. 44; State v. Mills, 146 Mo. 206; State v. Harroun, 199 Mo. 525; State v. Standifer, 209 Mo. 272; Hurt v. Salisbury, 55 Mo. 310. (3) Where there is any substantial evidence offered on the trial tending to establish the guilt of the defendant as charged, this court will not interfere with the verdict reached.  State v. Tetrick, 199 Mo. 104; State v. Sassman, 214 Mo. 738; State v. Sharp, 233 Mo.

298; State v. Concelia, 250 Mo. 424; State v. White, 251 Mo. 178.

BROWN, J.—Convicted of forgery in the second degree and his punishment fixed at five years in the penitentiary, defendant appeals.

For reversal defendant challenges the information, and also the sufficiency of the evidence to support the verdict.

The information is founded upon section 4643, Revised Statutes 1909, prohibiting the forging of the name of any individual to a check upon an incorporated bank, and (omitting caption, signature and verification) is as follows:

"Daniel W. Cosgrove, prosecuting attorney within and for the county of Cooper, in the State of Missouri, on his official oath of office and upon his knowledge, information and belief informs the court that at the county of Cooper, in the State of Missouri, Hugh Washington, on or about the 14th day of January, 1914, feloniously did forge, counterfeit and falsely make a certain false, forged and counterfeit check, purporting to be made by Harry White, and the said check purporting to be drawn on the Citizens Trust Company, duly organized under the laws of the State of Missouri, and doing a general trust and banking business, which said false, forged and counterfeit check is of the tenor following:

No. ——

Boonville, Mo., Jan. 14, 1914.

THE CITIZENS TRUST COMPANY

Pay to John Washington...................... OR BEARER $3.00
    Boonville Bank                                Dollars
                                      ———
                                      100
                                   HARRY WHITE.

"With intent then and there and thereby feloniously to injure and defraud, against the peace and dignity of the State."

I. Defendant asserts that the information does not charge that the Citizens Trust Company is an incorporated bank. This contention seems to be well taken. The forging of orders and checks by an individual is prohibited by two different statutes. Under section 4643, Revised Statutes 1909, it is made forgery in the second degree, while by section 4651, the forging of a check (any instrument or writing) which does not come within the purview of section 4643, supra, is made forgery in the third degree.

**Information.**

Section 4643, supra, is a criminal statute, and, in order to sustain a conviction under its provisions, it is necessary to allege that the institution upon which the check was drawn is incorporated, and it is also necessary to charge that it is a bank.

The Attorney-General insists that the information is sufficient, because it charges that the Citizens Trust Company "is duly organized under the laws of Missouri, and doing a . . . banking business." This insistence cannot be sustained. If we could hold, without doing violence to the law, that the words "duly organized under the laws of Missouri" were a sufficient allegation that the Citizens Trust Company was incorporated, we are still confronted with a more serious difficulty—there is no allegation that it is a bank —the averment that it is doing business as a bank is insufficient. That a corporation does business as a bank does not make it a bank within the purview of section 4643, supra, which designates only incorporated banks.

Section 4643, supra, is a criminal statute, and, according to all the canons for construing that class of laws, its provisions cannot be expanded to embrace those who forge checks on an institution which acts like a bank, or does the same kind of business as a bank, but which is not in fact a bank. [State v. Koock, 202 Mo. 223, l. c. 235; Kansas City Loan Guarantee Co.

v. Kansas City, 200 Mo. l. c. 167; and State ex rel. Spriggs v. Board of Health, 253 Mo. 271.]

In the case of State v. Kelsey, 89 Mo. 623, it was held by this court that a private banker, though doing the same business as an incorporated bank, was not within the purview of a statute leveled only against the officers of any "banking institution." In State v. Reid, 125 Mo. 43, it was held that the officers of a trust company were not within the purview of a statute which did not specifically designate the officers of trust companies, notwithstanding it was shown that the officers of such trust company were in fact doing a banking business. It is needless to multiply authorities upon such a plain proposition. The information was fatally defective, and we must so hold.

II. The Attorney-General insists that the alleged errors noted in the bill of exceptions are not before us for review, because the only evidence **Bill of Exceptions.** furnished us by the clerk of the trial court that the bill was filed and made a part of the record is a mere notation made by him upon the record proper showing that it was filed in this cause. This point was ruled adversely to the Attorney-General's insistence in the case of State v. Prince, 258 Mo. 315.

III. If the information was legally sufficient, the State would encounter a still greater difficulty on the **Evidence.** evidence. The record does not contain one word of evidence tending to prove that the Citizens Trust Company was ever incorporated, or that it was reputed to be incorporated, or that it had ever exercised the functions of a corporation (Sec. 5238, R. S. 1909), nor is there any evidence that it was even organized (whatever that word may be held to mean).

IV. But, says the Attorney-General, the evidence shows that the defendant forged the check described in the information, and that legal errors and informalities not affecting his substantial rights should not be permitted to thwart his punishment. We are convinced, however, that it would make quite a difference to defendant whether he should be convicted of forgery in the second degree (which, according to the information, he did not commit), or the crime of forgery in the third degree, or some other crime which he may have committed. In the recent case of State v. Willard, 228 Mo. 328, a judgment was reversed because defendant was convicted of forgery in the third degree under an information which charged him with forgery in the second degree.

*Substantial Rights.*

For the insufficiency of the information and the want of evidence to support the verdict, the judgment is reversed and the cause remanded. *Faris, J.,* concurs; *Walker, P. J.,* concurs in result in opinion filed.

## SEPARATE OPINION.

WALKER, J.—We concur in the result reached in the majority opinion, but dissent from the holding therein that the information is insufficient in not properly charging that the Citizens Trust Company is an incorporated bank.

*Information.*

The information does charge that the company "is duly organized under the laws of the State of Missouri and is doing a general trust and banking business." It is in our opinion too plain for further words that the company could not have been organized under the laws of the State except as a corporation. The words "organized under the laws of the State" can have no other meaning; if so organized "to do a banking business," it must perforce have been a bank; the words employed, therefore, in the

information are not only similar in import but identical. in meaning with the words held to have been necessary by the majority opinion; this being true, the requirements as to the specific nature of the charge neces-. sary to be made in criminal cases is fully met, and the defendant has no just grounds of complaint, as he is. as fully and clearly informed of the nature of the charge against him as if other and different words. had been used.

It, therefore, follows that the information is sufficient, and the judgment of the trial court should not be reversed on this account.