STATE OF MISSOURI, RESPONDENT, v. S. D. PERKINS, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

1.—Criminal law. Record held to show that bill of exceptions was allowed, signed, and ordered filed by trial judge, and then filed.

2.—Same—Appellate Practice—Presumption of Right Action by Trial Court. Court of Appeals must presume right action by trial court, in all cases where there is not a direct showing otherwise, and hence must presume that trial court did not permit filing of bill of exceptions not properly authenticated and in proper condition.

3.—Same—Bill of Exceptions Held Sufficiently Identified. Clerk's certificate that transcript sent up, including copy of bill of exceptions, is full, true, and correct copy of proceedings below, sufficiently identifies bill of exceptions as the one shown by the record proper to have been filed in the cause.

4.—Same—Bill of Exceptions. Any bill of exceptions, with a proper certificate and signature of the trial judge attached, when filed, may be looked to like any other of the files of the court in that case in order to determine what was actually done by the court.

5.—Same—Appellate Practice. Court of Appeals may treat as done what should have been done, without waiting for formal nunc pro tunc correction of record proper, by including in order permitting filing of bill of exceptions recital that bill was allowed, signed, and ordered filed by trial judge.

6.—Searches and seizures—Service of Search Warrants. Constitutional provision against unreasonable searches and seizures contemplates service of search warrants with reasonable promptness.

7.—Intoxicating Liquors—Search Warrants—Statute Construed. The Prohibition statute (Acts 1923, pp. 244, 246, section 25), provides summary ex parte proceedings for issuance and service of search warrants, and contemplates immediate action.

8.—Criminal Law—Officers. All officers are presumed to act promptly in the performance of their duties.

9.—Intoxicating Liquors—Search Warrant—Held Invalid by Delay in Issuance. Under the Prohibition Law (Acts 1923, pp. 244, 246, section 25), it was duty of justice of the peace to issue or refuse to issue search warrant as soon as practicable after the application therefor was filed, and deliberate delay of seven or eight days by agreement with constable invalidated warrant.

10.—Searches and seizures—Search warrants—Requisites of Application. Application for search warrant must name owner or party in possession of the premises and describe the premises to be searched with reasonable certainty.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 540, n. 59; 17CJ, p. 143, n. 18; p. 146, n. 58; p. 158, n. 16; p. 161, n. 70; p. 162, n. 74; p. 164, n. 25 New; p. 228, n. 19 New; Intoxicating Liquors, 33CJ, p. 678, n. 33; p. 683, n. 14 New; Searches and Seizures, 35Cyc, p. 1266, n. 14 New; p. 1268, n. 28.

Appeal from the Circuit Court of Dunklin County.—Hon. W. S. C. Walker, Judge.

REVERSED AND REMANDED.

No brief for appellant.

*James V. Billings,* Prosecuting Attorney for respondent.

(1) The recital of the abstract as to filing of the purported bill of exceptions is insufficient, and cannot be considered. (a) The recital in the case of State v. Cole, 273 S. W. 1037, is as follows: "Comes now the defendant by his attorney, and filed herein his bill of exceptions, and asks that the same be made a part of the record in this cause, and that the same be properly certified to the Supreme Court." In the case at bar, the recital of the abstract is as follows: "Comes now the defendant, by his attorney, leave of court had and filed herein his bill of exceptions in this cause and asks that the same be made a part of the record in this cause." (b) Said recital does not show that said bill was allowed, signed, sealed, nor by whom, nor by whose order filed, nor filed by order of record of the court. State v. Cole, 273 S. W. 1037.

COX, P. J.—Defendant was convicted upon a charge of possessing intoxicating liquor and has appealed.

Appellant is not represented by counsel in this court. The Prosecuting Attorney, who represents the State has filed a brief in which he contends that there is no showing that a bill of exceptions was allowed, signed, ordered filed, and filed and hence that we cannot consider the purported bill of exception in determining the case here but can only examine the record proper. We shall examine this question first.

The appeal in this case was granted December 18, 1924. On May 27, 1925, the circuit court entered of record in this case the following (Caption omitted): "Comes now the defendant by his attorney, leave of the court had, and files his bill of exceptions in this cause and asks that the same be made a part of the record in this cause." The clerk of the circuit court has sent to this court a complete transcript as required by statute including a copy of the bill of exceptions. This bill of exceptions shows to have been allowed, signed, and ordered filed as appears from the certificate of the judge before whom the case was tried, said certificate being found at the close of the bill of exceptions. This certificate is as follows: "And now on this 27th day of May, 1925, comes the defendant and presents to the Hon. W.

S. C. Walker, Judge of the Twenty-Second Judicial Circuit of the State of Missouri, the judge who presided in this cause, this, his bill of exceptions herein and prays that the same may be signed and sealed by him and made a part of the record in this cause, which is accordingly done this 27th day of May, 1925.

W. S. C. WALKER,

Judge of the Twenty-Second Judicial Circuit of Missouri.''

The clerk of the circuit court has sent to this court a copy of the information, copy of the record showing arraignment and plea of defendant, empaneling of the jury, trial, verdict, judgment and sentence, filing of affidavit for appeal and granting appeal and all record entries showing the proceedings in the trial court and the bill of exceptions and in his certificate certifies ''the within and foregoing to be a full, true and correct copy of the proceedings of the within styled cause as fully as the same now appear of record in my office.'' Can it be said that this record does not show that a bill of exceptions was allowed, signed, ordered filed and filed in this cause? We think not. It seems to us that no lawyer or judge of a court with these matters before him would hesitate to say that the bill of exceptions certified to this court by the clerk of the circuit court was, in fact, allowed, signed and ordered filed by the trial judge and was then filed. Judge WALKER tried the case and signed the certificate allowing the bill of exceptions. He was presiding in court when the order was entered of record reciting that defendant by his attorney procured leave from the court and filed in the same court his bill of exceptions. If we are to presume right action on the part of the trial court, as we must do in all cases where there is not a direct showing otherwise, we cannot escape the conclusion that a circuit judge who has presided at the trial of a case will not give leave to file nor permit the filing of a bill of exceptions in that case in open court unless it has been properly authenticated and is in proper condition to be filed. The fact that the court permitted a bill of exceptions to be filed in this case, and that fact being shown by the record proper ought, in and of itself, to carry with it the presumption that the court acted rightly in permitting the bill of exceptions to be filed. When such bill of exceptions is filed it becomes a part of the record and when the clerk of the court sends up a full transcript including a copy of the bill of exceptions, and certifies, as was done in this case, that the copies sent here are full, true and correct copies of the proceedings in the case in the trial court, it would seem that the certificate of the clerk ought to be sufficient to identify the bill of exceptions as the one shown by the record proper to have been filed in the cause in the circuit court and nothing more should be required.

We may view this question from another angle. Any bill of exceptions with a proper certificate and signature of the trial judge

attached, when filed, may be looked to like any other of the files of the court in that case in order to determine what was actually done by the court. [Darier v. Darier, 58 Mo. 222, 233; City of Aurora v. McSweeney et al., by this court — S. W. —.]

The cases cited were discussing the question of what would authorize an entry *nunc pro tunc* and it was held that a bill of exceptions filed in the case could be consulted for that purpose. Had application been made to the trial court in this case for an entry *nunc pro tunc* to correct the record which shows that the defendant filed a bill of exceptions so as to include in the order permitting the filing of said bill an additional recital that said bill of exceptions had been allowed, signed and ordered filed by the trial judge who presided in the trial of the case, we should have no hesitancy in holding that the order *nunc pro tunc* could and should have been made. On the record before us we, under the superintending control over the circuit courts in our district confided to us by the Constitution, could direct the trial court to enter an order *nunc pro tunc* correcting the entry in the record proper so as to cover all necessary recitals and then certify the corrected record to us and withhold our judgment in this case until that should be done. That, however, would be a useless thing, for, under such circumstances, we can treat as done that which should have been done without waiting for a formal correction of the record *nunc pro tunc*.

Our attention has been called to the case of State v. Delzie Cole, 273 S. W. 1037, by the Supreme Court as sustaining the State's position in this case. This case may be distinguished from that in the following manner. In that case a motion to affirm on the ground of a defective record was filed by the Attorney-General. Whether a full transcript had been certified to that court by the clerk of the trial court does not appear. If such a transcript was there the certificate of the clerk attached thereto is not shown. The attention of the Supreme Court was not called to the effect of the presumption of right action on the part of the trial court in permitting a bill of exceptions to be filed nor was it discussed. The right of the trial court to have corrected the record by order *nunc pro tunc* and the effect of the existence of that right was not noticed by the court nor does the recited facts in the opinion show the existence of facts which would authorize an entry *nunc pro tunc*. In view of the distinction between what is before us and what is shown by the opinion to have been before the Supreme Court in the Cole case, and the failure of appellant to call the attention of the court to the presumption of right action on the part of the trial court and the right to correct the record by order *nunc pro tunc* we do not regard the result reached by the Supreme Court in that case as controlling upon us in this case.

Our conclusion is that the bill of exceptions may be considered by us in this case.

A search warrant was issued in this case and the evidence for the State was given by the officers who served the search warrant and such evidence consisted of facts learned by them while engaged in the search. A motion to suppress this evidence was filed before the trial and overruled. The action of the court in overruling that motion is the only error of which complaint is made. The facts upon which the motion to suppress was based were as follows: The prosecuting attorney filed with a justice of the peace a petition asking for a search warrant to search the premises of defendant. The prosecuting attorney was sworn to the petition but the justice did not attach his jurat to it. The justice of the peace and the constable who was to serve the search warrant agreed between themselves that the warrant would not be issued until such time as the constable should notify the justice of the peace that he wanted it. Some seven or eight days after the petition by the prosecuting attorney was filed with the justice, the constable informed the justice that he wanted the searce warrant. The justice then attached his jurat to the petition of the prosecuting attorney dating it on that day instead of the day on which the prosecuting attorney had sworn to the petition and filed it. The search warrant was then issued and dated on the day it was issued. In that way the jurat to the petition and the search warrant bore the same date. The constable served the warrant and found liquor in the possession of the defendant. The question for us to determine is whether the agreement between the justice of the peace and the constable to delay the issuance and service of the search warrant and the delay which followed invalidated the search warrant and made it the duty of the court to suppress the evidence secured while serving it.

The Constitution protects the citizen against unreasonable search and seizures. The Constitution seems to contemplate service of a search warrant with reasonable promptness. The prohibition statute (Acts 1923, p. 244), authorizes the prosecuting attorney to file an application by petition for a search warrant before a court, judge or magistrate. If the court, judge or magistrate shall find from the petition or from evidence heard in support of it, that there is reasonable ground to believe that the prohibition law is being violated a search warrant shall be issued. It is then made the duty of the officer to serve it forthwith. On page 246 of the same act, it is made the duty of the officer to make a return forthwith of the service of the search warrant. The procedure by which a search warrant may be issued and served is a summary *ex parte* proceeding, and the whole tenor of the statute seems to contemplate immediate action. The nature of the charge and the necessity for a search warrant to be

220 Mo. App. 23.

issued and served, require prompt action if the purpose for which a search warrant is asked is to be accomplished. If an officer charged with the duty to issue a search warrant and an officer charged with the duty of serving it, can, for reasons of their own, delay its issue or service, they can do it to favor either the State or the accused. They could in that way render its issue and service valueless by waiting until such time that nothing could be found by making the search. The statute does not provide that when an application for a search warrant is filed that the warrant must be issued forthwith, but all officers are presumed to act promptly in the performance of their duties and the statute does provide that the officer whose duty it is to serve the search warrant shall serve it forthwith. If the officers can, by agreement between themselves, delay the issue and service of a search warrant for seven or eight days they could delay it for an indefinite period. We are of the opinion that it was the duty of the justice of the peace to issue, or refuse to issue, the search warrant as soon as practicable after the application therefor was filed and he had no authority to issue it on the petition filed with him after an unreasonable time had elapsed. Especially would this be true when he deliberately, and by agreement with the constable, who was to serve it, refrained for a number of days from issuing it. We do not say that in all cases and under all circumstances a delay of seven or eight days in issuing and serving a search warrant will invalidate it, but we are of the opinion that such delay, when deliberate and made by the officers for the purpose of selecting their own time and for their own purpose, whether that purpose be to aid the State or the accused, took away from them the power to issue and serve a search warrant. An application for a search warrant must name the owner or the party in possession of the premises and describe the premises to be searched with reasonable certainty. We do not understand the statute authorizing the issue and service of a search warrant was meant to empower the court or magistrate to whom the application for the warrant is made to secretely retain the application and put the accused party under secret surveillance and bide his own time to issue the warrant. The officers may be open to a charge of willful neglect of duty and some remedy may be afforded the State by a proper proceeding against them, a question not involved in this case, but we do not think the right of a citizen can be trifled with in that way and the action of the officers receive the sanction of the courts. The motion to suppress the search warrant and the evidence secured by the officer while serving it should have been sustained.

The judgment will be reversed and the cause remanded. *Bradley,* and *Bailey, JJ.,* concur.