The State v. Willie White, Appellant.

Court en Banc, November 23, 1926.

**1. INFORMATION: Attempted Rape.** An information of the prosecuting attorney, upon his oath of office, upon his information and belief, which informs the court and charges that, in his county and on a named date, defendant, in and upon a named woman, "unlawfully and feloniously, did make an assault with intent her," the said woman, "then and there unlawfully, forcibly and against her will, feloniously to ravish and carnally know," is sufficient in form and substance.

**2. CONTINUANCE: Bill of Exceptions.** To review the action of the court in overruling the application of appellant for a continuance, it must appear, from the record proper, that a bill of exceptions containing the application, the ruling of the court thereon and an exception to the action of the court in overruling the application, was filed in the trial court and made a part of the record.

**3. BILL OF EXCEPTIONS: Authentication.** A purported bill of exceptions, which contains no certificate of the circuit clerk as to its genuineness, correctness or authenticity, cannot be accepted as a bill of exceptions in a criminal case, where the original transcript of the record proper does not show that any bill of exceptions was ever filed in the case. And a later certificate of the circuit clerk, to the effect that a bill of exceptions was filed in the circuit court on a named date, but which does not show that the purported bill of exceptions on file in this court is the one mentioned in the certificate, which does not refer to such purported bill and which does not certify that it is a true copy of the one filed in his office, does not prove that the purported bill filed in this court is a copy of the original bill filed in his office, and does not cure the lack of authentication apparent from the transcript and the lack of certification to the purported bill.

Corpus Juris-Cyc. References: Criminal Law, 17 C. J., Section 3420, p. 129, n. 76, 78; Section 3421, p. 130, n. 84; p. 134, n. 9; Section 3422, p. 138, n. 46; Section 3433, p. 146, n. 60; Section 3440, p. 158, n. 7; Section 3460, p. 168, n. 96. Rape, 33 Cyc., p. 1446, n. 49.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly,* Judge.

Affirmed.

*Munger & Munger* and *J. W. Farris* for appellant.

The court erred in overruling appellant's application for a continuance. State v. Hesterly, 182 Mo. 32.

*North T. Gentry,* Attorney-General, and *Harry L. Thomas* and *A. B. Lovan,* Special Assistants, for respondent.

(1) The information was sufficient. State v. Gilreath, 267 S. W. 880; State v. Riseling, 186 Mo. 521.  (2) There is nothing for review except the record proper.  There is filed here a purported bill of exceptions, apparently signed and ordered filed by the trial judge. There is no certificate of the clerk.  The record proper filed as a separate document is certified by the clerk as a ''full, true and complete copy of the record entries appertaining to the said cause as fully as the same appears of record in this office.''  The signature of the trial judge is insufficient.  Other than the recitals in the bill itself, there is no record filed with reference to said bill.  A bill of exceptions cannot certify to its own integrity.  Sec. 4102, R. S. 1919; Laws 1905, p. 199; State v. Brown, 279 S. W. 98; Hill v. Combs, 92 Mo. App. 242. There is no record entry of the filing of the bill of exceptions.  State v. Halliday, 278 S. W. 970; Secs. 4039, 4103, R. S. 1919.  The record proper must show the filing of motions for new trial, bill of exceptions and the like, and such matters cannot be shown by recitals in the bills of exceptions.  State v. Walker, 274 S. W. 57; Fence Co. v. Brooks, 126 Mo. App. 495; Wallace v. Libby, 231 Mo. 341.

RAILEY, C.—On February 25, 1924, the Prosecuting Attorney of Stoddard County filed in the circuit court of said county a verified information, which, without caption and jurat, reads as follows:

''Comes now C. A. Powell, Prosecuting Attorney within and for Stoddard County, Missouri, and upon his oath of office, upon his information and belief, informs the court and charges that at and in Stoddard County, Missouri, on or about the 18th day of November, 1923, William White, in and upon one Velma Jackson unlawfully and feloniously, did make an assault with intent her, the said Velma Jackson, then and there unlawfully, forcibly, and against her will, feloniously to ravish and carnally know; against the peace and dignity of the State.''

The appellant, in his brief on file in this court (pages one and two), alleges: That the cause originated in Stoddard County, Missouri; that a change of venue was granted him and the cause sent to the Circuit Court of Mississippi County, Missouri, where it was tried before Judge KELLY and a jury; that defendant was charged in the information with assault with intent to rape; that the verdict was adverse to defendant and he was sentenced, in accordance with the verdict, to pay a fine of one hundred dollars, and to be incarcerated in the county jail for three months; that from the above conviction and sentence, the defendant has prosecuted his appeal to this court.

It is conceded by respondent that the foregoing facts are true and, hence, in the disposition of the case they will be taken as true. [State v. Asher, 246 S. W. 914; State v. Ray, 225, S. W. 974.]

Other matters, presented in the case, will be considered in the opinion.

I. The information heretofore set out is sufficient as to both form and substance. [Sec. 3263, R. S. 1919; State v. Neal,

**Information.** 178 Mo. 1. c. 69; State v. Payne, 194 Mo. 1. c. 443-4; State v. Comer, 296 Mo. 1. c. 7, 247 S. W. 179.]

II. Appellant assigns as error the action of the trial court in overruling his application for a continuance.

The record proper shows the filing of such an application, and the overruling of same. In order to review the action of the court in overruling said application, it would have to appear, from the record

**Continuance.** proper, that a bill of exceptions had been legally filed in the court below containing the application for a continuance, the ruling of the court thereon and an exception to the action of the court in overruling said application. [State v. Baugh, 217 S. W. 1. c. 280, and numerous cases cited; State v. Dickey, 231 S. W. 584; Kline Cloak & Coat Co. v. Morris, 240 S. W. 100; State v. Langford, 240 S. W. 168; State v. Barker, 242 S. W. 410; State v. Sanders, 252 S. W. 634; State v. Smith, 256 S. W. 1027; State v. Sadowski, 256 S. W. 755.]

As shown by the record proper, the judgment was rendered and sentence pronounced in this case on August 1, 1924. On August 5, 1925, there was filed in this court a bill of exceptions purporting to have been signed by Judge FRANK KELLY, who tried the case. It contains no certificate of the circuit clerk as to its genuineness, correctness or authenticity. The original transcript of the record proper does not show that any bill of exceptions was ever filed in the case. On October 15, 1925, counsel for appellant filed in this court, as part of their suggestions in opposition to the State's motion to dismiss the appeal, an "Exhibit D," which is a certificate of the Circuit Clerk of Mississippi County, to the effect, that a bill of exceptions was filed in this cause on July 28, 1925, as shown by the record of said circuit court. The above certificate does not show that the bill of exceptions on file here is the one mentioned therein, nor does it refer to the bill here, or certify that it is a true copy of the one alleged to have been filed.

Section 4102, Revised Statutes 1919, as amended by the Laws of 1925, page 199, provides that: "When any appeal shall be taken or writ of error issued, which shall operate as a stay of proceedings it shall be the duty of the clerk of the court in which the proceedings

were had to make out a full transcript of the record in the cause including the bill of exceptions, judgment and sentence, and certify and transmit same to the office of the clerk of the proper appellate court without delay,'' etc.

Section 4103, Revised Statutes 1919, provides that: "When the appeal or writ of error does not operate as a stay of proceedings, such transcript shall be made out, certified and returned, on the application of the appellant or plaintiff in error, as in civil cases, except that the costs of the transcript shall not be required in advance."

The law does not authorize the circuit clerk to send to the appellate court the original bill of exceptions, and if he did so he would be in contempt of the trial court for so doing. The bill of exceptions in this case does not prove itself, and, in the absence of a certificate of the circuit clerk as to its authenticity and correctness, we are precluded from considering same in passing upon the merits of the case. [State v. Brown, 279 S. W. 98; State v. Keyger, 253 S. W. 364; State v. Little, 248 S. W. 926; Bower v. Daniel, 198 Mo. 317; St. Charles ex rel. v. Deemar, 174 Mo. 122; Butler County v. Graddy, 152 Mo. 441; Ricketts v. Hart, 150 Mo. 64; Lawson v. Mills, 150 Mo. 428; Western S. & W. Co. v. Glasner, 150 Mo. 426; Walser v. Wear, 128 Mo. 652; Pope v. Thomson, 66 Mo. 661; McGrew v. Foster, 66 Mo. 30.]

With the bill of exceptions eliminated from our consideration, it becomes our duty to examine the record proper in order to determine whether error exists therein. [State v. Keller, 263 S. W. 172; State v. Keyger, 253 S. W. 363; State v. Whalen, 297 Mo. 241, 248 S. W. 932; State v. Little, 248 S. W. 926-7; State v. Baird, 297 Mo. 219, 248 S. W. 596; State v. Smith, 284 Mo. 175, 223 S. W. 751.]

The information is sufficient as to both form and substance, as heretofore stated. There being no error in the record proper, of which defendant can legally complain, the judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., in Division Two, is adopted as the opinion of Court en Banc. *Blair, C. J., Walker, Ragland* and *Atwood, JJ.,* concur; *Graves, J.,* absent; *Otto, J.,* not sitting; *White, J.,* dissents.