The State v. Louis Ottensmeyer, Appellant.—51 S. W. (2d) 39.

Division Two, June 10, 1932.

*Stratton Shartel*, Attorney-General, and *Walter E. Sloat*, Assistant Attorney-General, for respondents.

ELLISON, J.—The appellant was charged by information and convicted in the Circuit Court of Newton County of possessing intoxicating liquor in December, 1929. As bearing on the punishment to be assessed the information contained allegations of two prior convictions for violation of the prohibition law. The offense was a misdemeanor, Sections 4481, 4524, Revised Statutes 1929, and still is (see

Laws 1931, p. 243). But inasmuch as the record was thought to present certain constitutional questions the Springfield Court of Appeals transferred the appeal to this court, its opinion being reported in 37 S. W. (2d) 497.

The Court of Appeals recognized the constitutional questions as being in the case for this reason. At the outset of the trial the defendant filed a motion to quash the information on the ground that the punishment statute, Section 4524, violates several specified sections of the State Constitution in authorizing heavier penalties for successive offenses against the prohibition law. This motion being overruled, he saved exceptions and also made constitutional objections in his motion for a new trial. All these matters were shown in a bill of exceptions.

But we think the purported bill of exceptions is not sufficiently authenticated. Under our statutes it is required to be certified as a part of the record by the clerk of the trial court. [State v. Kelsay (Mo. Div. 2), 18 S. W. (2d) 491; State v. Miller, 322 Mo. 1199, 18 S. W. (2d) 492; State v. White, 315 Mo. 1276, 288 S. W. 18; State v. Hall (Mo. Div. 2), 279 S. W. 102, 109; State v. Conners, 258 Mo. 330, 167 S. W. 429.] The bill of exceptions relied on here is not certified by the circuit clerk in any manner whatsoever. It purports to be a carbon copy of a bill of exceptions in the case bearing an indorsement of the approval of the prosecuting attorney and a certification by the court reporter, together with an order dated June 3, 1930, making it a part of the record apparently signed by the circuit judge. There is nothing in the nature of an inscription by the circuit clerk except a rubber filing stamp mark reciting "Filed November 28 '30." The document is separately bound.

It is held in State v. Stamper, 314 Mo. 635, 641, 285 S. W. 437, 438, that although the bill of exceptions and transcript of the record proper are in separate covers, yet when the two are filed here together and the certification of the circuit clerk to the latter "indicates it was intended to certify to the entire record, including the bill of exceptions" as that "it is a full and complete copy of the transcript," the bill of exceptions will be deemed sufficiently certified; and this even though the transcript of the record proper is silent as to the filing of the bill of exceptions, if the bill bears the rubber filing stamp of the circuit clerk showing it was filed in vacation when no court order could be made.

The separate transcript of the record proper in this case recites the filing of a bill of exceptions on June 4, 1930, being the 3rd judicial day of the regular June term of court (in other words, not in vacation), but the certificate to this transcript recites merely "that the above and foregoing is a true and correct copy of the judgment

and all pleadings in the cause therein mentioned as the same was made and is now of record in my office," etc. This certificate, it will be observed, confines itself to the judgment and pleadings. It does not vouch for the whole transcript, or even for the record entries shown. So we have the order indorsed on the bill making it a part of the record dated June 3, 1930, the filing stamp of the clerk dated November 28, 1930, and the recital in the record proper dated June 4, 1930, all uncertified. We cannot even by going to the very limit of indulgence permit such a record to pass muster.

There being no bill of exceptions, the constitutional questions are not preserved for review. And since these alone would confer jurisdiction on this court, the prosecution being for a misdemeanor, the cause is ordered transferred to the Springfield Court of Appeals. All concur.