THE STATE v. TOM RAGG, Appellant.—84 S. W. (2d) 911.

Division Two, July 11, 1935.

*Barney Reed, Irwin & Bushman* and *Harry L. Buchanan* for appellant.

*Roy McKittrick,* Attorney General, and *Covell R. Hewitt,* Assistant Attorney General, for respondent.

COOLEY, C.—In the Circuit Court of Camden County defendant was convicted of burglary and larceny and his punishment was assessed by the jury at four years' imprisonment in the penitentiary, two years for the burglary and two years for the larceny. After allocution he was duly sentenced in accordance with the verdict and has appealed.

We have for review only the record proper. The appeal was granted on October 19, 1933. On November 14, 1934, there was filed in this court a document purporting to be a bill of exceptions. It has not appended or attached to it nor does it contain a certificate of the clerk of the circuit court as to its genuineness, correctness or authenticity. No transcript of the record proper was then filed. At the January Call of our September, 1934, Term and on January 3, 1935, appellant asked and was given leave to file a transcript of the record proper and on that day filed a document certified by the circuit clerk of Camden County to be a transcript of the record proper. That transcript is patently insufficient. On April 26, 1935, without further leave of court, appellant filed a more complete transcript of the record proper. The first transcript of the record proper is certified at the end thereof thus:

"State of Missouri }
"County of Camden } ss.

"I, Frank M. Lewis, Clerk of the Circuit Court of Camden County, Missouri, hereby certify the above and foregoing to be a true copy of the record of our said circuit court in the above entitled cause on the day and year above written as the same appears in my office.

"In testimony whereof I have hereunto set my hand and affixed the seal of our said court, at my office in Camdenton, Missouri, this 24th day of December, 1934.

"Frank M. Lewis
"Clerk of the Circuit Court
of Camden County, Missouri."

"(SEAL)"

The transcript filed April 26, 1935, has at the end thereof this certificate:

438

"State of Missouri  ⎫
"County of Camden ⎬  ss.

"I, Frank M. Lewis, Clerk of the Circuit Court within and for said County and State, hereby certify the foregoing to be a true copy of proceedings in the case of State of Missouri vs. Tom Ragg defendant as the same appears on file and of record in my office.

"In testimony whereof I have hereunto set my hand and affixed the seal of my office, this 22nd day of April, A. D. 1935.

"Frank M. Lewis, Circuit Clerk."

" (SEAL)"

Neither transcript contains a copy of the bill of exceptions. The transcript filed April 26, 1935, shows this record entry, made on October 15, 1934, at the October Term of the Court:

"State of Missouri

vs.

"Tom Ragg, Defendant.

"Bill of exceptions filed."

If, *ex gratia*, we consider the second transcript above mentioned, though filed without leave and long after the time limited by statute for perfecting the appeal had expired, there is enough before us to show that an information was filed in the circuit court, a copy thereof, that a jury was empaneled and sworn and a trial had, a verdict of guilty returned, with a copy of the verdict, followed by allocution and judgment, a copy of the judgment being set out. It is also shown that *a* bill of exceptions was filed in term time,—though the record does not show that the bill so filed was signed and allowed by the trial judge nor that it was filed by leave or by order of the court. The purported bill of exceptions itself recites, over the purported signature of the trial judge, that defendant "presents this his bill of exceptions in his cause and asks that the same be signed, sealed and made a part of the record in this cause, which is accordingly done, this 15th day of October, 1934." But it is only by looking to the purported bill itself that those facts can be ascertained. The clerk's certificate to each transcript omits any reference to a bill of exceptions or copy thereof and neither certificate contains language that by any reasonable construction can be said to refer to or to include the purported bill of exceptions filed here on November 14, 1934.

We have repeatedly held that a purported bill of exceptions or copy thereof does not prove itself and that absent a proper authentication thereof by the clerk of the circuit court we are precluded from considering matters contained in such purported bill. [See State v. White (en banc), 315 Mo. 1276, 288 S. W. 18; State v. Kelsay (Mo.), 18 S. W. (2d) 491; State v. Thomas, 331 Mo. 299, 53 S. W. (2d) 266; State v. Ross, 334 Mo. 870, 69 S. W. (2d) 293;

State v. Carel (Mo.), 69 S. W. (2d) 296, and cases cited; State v. Mele (Mo.), 71 S. W. (2d) 718; State v. Corey (Mo.), 69 S. W. (2d) 297; State v. Ottensmeyer, 330 Mo. 754, 51 S. W. (2d) 39.] In some of the above-cited cases what purported to be the original bill of exceptions filed in the circuit clerk's office was filed here. That should not be done. [See State v. White, supra; State v. Harbeston, 330 Mo. 799, 51 S. W. (2d) 533.] Such original bill (when allowed, signed and filed), is part of the record of the circuit court and should remain there. In other cases cited purported copies have been filed here and in both situations we have applied the rule, and logically so, that the purported bill or purported copy thereof does not prove itself and cannot be considered unless properly authenticated to us by the circuit clerk, as required by the statute. The statute, Section 3757, Revised Statutes 1929 (Mo. Stat. Ann., p. 3295), requires the appellant (in cases of the class of this one) to have the circuit clerk certify to the appellate court a full transcript of the record including a copy of the bill of exceptions. [See State v. Ross, supra.] Such is the statutory mode of appeal, the right of appeal being itself statutory. The statute is not difficult to follow. Except it be substantially followed the appellate court cannot officially know that it has before it the record on which it is required to pass.

In some of the cases cited above we have said that the transcript of the record proper did not show that a bill of exceptions had been filed. Such observations were made rather as additional grounds for the conclusions reached and as tending to fortify such conclusions than as statements of the fundamental ground for such conclusions. Absent any authentication thereof, as in this case, how can we know that the purported bill filed here is the bill which the transcript of the record says was filed below? The statute does not contemplate the filing here on appeal of the original bill. It provides that a copy thereof be filed. If the statute is followed thus far, and a purported copy, but unauthenticated, is filed, how can we know that it is in fact a true copy? In either case we are left to assumption, while the statute provides that the fact be certified to us under the hand and seal of an officer of the trial court,—the custodian of its records.

In State v. White, supra, there was filed here a document purporting to be the original bill of exceptions. The original transcript of the record proper filed here did not show that a bill of exceptions had been filed below. Later, however, the appellant filed, as part of his suggestions in opposition to the State's motion to dismiss the appeal, a certificate of the circuit clerk to the effect that the record of the circuit court showed the filing of a bill of exceptions on a day named. This court said: "The above certificate does not show that the bill of exceptions on file here is the one mentioned therein,

nor does it refer to the bill here or certify that it is a true copy of the one alleged to have been filed.'' The court held that the bill of exceptions did not prove itself ''and, in the absence of a certificate of the circuit clerk as to its authenticity and correctness, we are precluded from considering same in passing upon the merits of the case.'' The judgment was affirmed on the record proper. That case appears to us to be authority for holding that even though the transcript of the record proper shows that a bill of exceptions was filed in the circuit court yet if the instrument filed here purporting to be the bill of exceptions or a copy thereof is not authenticated by the certificate of the circuit clerk it cannot be considered.

Appellant contends that the showing in the certified transcript of the record proper that a bill of exceptions was filed, together with the fact that what purports to be the bill of exceptions in the case, though unauthenticated by any certificate of the circuit clerk, had previously been lodged in this court, is sufficient. He cites in support of this contention. [State v. Prince, 258 Mo. 315, 167 S. W. 535; State v. Washington, 259 Mo. 335, 168 S. W. 695; and State v. Perkins, 220 Mo. App. 349, 285 S. W. 1021.] Those cases do not sustain his contention.

In State v. Prince, supra, the State contended that the bill of exceptions could not be considered because the transcript of the record proper did not show that the trial court had ordered the bill filed and made part of the record. The bill had been filed in vacation and the certificate of the trial judge appended thereto recited that he approved it and ordered it filed and made part of the record. The court held that in such circumstances, the bill having been filed in vacation, the clerk was authorized to file it without order of court or other order than that contained in the judge's certificate showing that it had been approved and signed by him. It is stated in the opinion, however, that a copy of the bill was contained in the transcript, and, presumably, the transcript was duly certified. No intimation to the contrary appears in the opinion and the bill of exceptions was considered. No question as to sufficient authentication appears. State v. Washington, supra, cites and follows State v. Prince without discussion or statement of the facts on that point.

In State v. Perkins, supra, the question presented and adjudged was similar to that presented in the Prince case, except that in the Perkins case the bill was filed in term time by leave of court and a record entry to that effect appeared in the transcript. In the Perkins case, as in the Prince case, the transcript, certified by the circuit clerk, included a copy of the bill of exceptions.

The said cases relied on by appellant are clearly distinguishable from the case before us in the facts upon which they were ruled and

in the question presented and adjudicated. They are not in point on the question presented in the instant case.

We cannot consider the purported bill of exceptions in this case without disregarding the plain provisions of the statute and establishing a precedent that could but tend to breed confusion in the law and perhaps lead to even more flagrant disregard of the statutory requirements, which, as we have said, are not difficult to follow. This we decline to do.

We find no error in the record proper. The information sufficiently charges burglary and larceny. Verdict and judgment are in due form and sufficient. Defendant was accorded allocution before sentence was pronounced. It follows that the judgment of the circuit court must be and it is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.