THE STATE v. LEE H. NIDIFFER, Appellant.—87 S. W. (2d) 636.

Division Two, November 5, 1935.

*Ira L. Childers* for appellant.

*Roy McKittrick*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

ELLISON, J.—At the September Term, 1933, of the Jackson County Circuit Court the appellant was convicted of an assault upon one Michael J. Brennan with intent to *rob,* and his punishment assessed at imprisonment in the penitentiary for a term of forty years. The assignments of error in his motion for new trial and in his brief on this appeal all converge upon the proposition that the circuit court erred in overruling his plea of former jeopardy under Section 4453, Revised Statutes 1929, and Section 23, Article II, Constitution of Missouri. This plea was based upon the alleged fact that previously, in May of the same year, he had been tried in the same court, convicted and sentenced to five years' imprisonment in the penitentiary, on a charge of assault with intent to *kill* the said Michael J. Brennan, said assault being the same assault upon the same person as that involved in the instant case, and both prosecutions being founded upon the same statute, Section 4014, Revised Statutes 1929.

Owing to the condition of the record we cannot rule upon this question but will say in passing that appellant's counsel in his brief has made a strong showing thereon. Cases bearing on the point are: State v. Meinhardt (Mo. Div. 2), 83 S. W. (2d) 890, 893; State v. Toombs, 326 Mo. 981, 988, 34 S. W. (2d) 61, 64; State v. Hatcher, 136 Mo. 641, 38 S. W. 719; State v. Gustin, 152 Mo. 108, 114, 53 S. W. 421, 423; State v. Buente, 256 Mo. 227, 245, 165 S. W. 340, 345, Ann. Cas. 1915D, 879; State v. Chinault, 55 Kan. 326, 40 Pac. 662; State v. Patterson, 66 Kan. 447, 454, 71 Pac. 860, 862; State v. McLaughlin, 121 Kan. 693, 696, 249 Pac. 612, 613; People v. McDaniels, 137 Cal. 192, 69 Pac. 1006, 92 Am. St. Rep. 81, 138, note; Dodge v. State, 124 Ohio St. 580, 180 N. E. 45, 81 A. L. R. 699, 701, note.

But, unfortunately for appellant, the question has not been preserved for review here. Sections 3756 and 3757, Revised Statutes 1929, require the appellant in a criminal case such as this to bring up a full transcript of the record in the cause, including the bill of

exceptions, judgment and sentence, certified by the clerk of the court in which the proceedings were had. The entire transcript filed here in this case appears to have been prepared by the official reporter of Division Two of the Jackson County Circuit Court. It is a carbon copy bound in one cover. The record proper is shown on pages A to P; the bill of exceptions follows. No part of this transcript is certified in any manner by the circuit clerk—not even the record proper.

The authenticity of the hundreds of transcripts in criminal appeals sent up to this court from the 114 counties of this State and the city of St. Louis must be vouched for by the certificates of the clerks of the courts sending them. The statute so provides, and it is a practical requirement because it furnishes the means by which we can know that the transcripts are true reports of the proceedings below. In the absence of such certification we have nothing before us upon which we can act. In this case, for want of proper certification, we have not even the record proper showing the indictment returned and the subsequent record entries including the verdict, judgment and sentence. This being so, we can only dismiss the appeal. [State v. Ross, 334 Mo. 870, 69 S. W. (2d) 293; State v. Craft, 334 Mo. 311, 66 S. W. (2d) 521.]

This case is illustrative of the fact that because of noncompliance with our procedural law many more defendants are convicted in this court on criminal appeals through so-called "technicalities" than are permitted to escape punishment. Section 3761, Revised Statutes 1929, requires that appeals to the Supreme Court in felony cases except where the death penalty has been assessed, shall be perfected within twelve months from the time the appeal was granted. (The last General Assembly fixed the time at from six to nine months, Laws 1935, p. 227.) The uncertified record lodged here recites that the appeal in this case was granted on October 24, 1933. It is now too late for the appellant to bring up a properly certified record; there is nothing here to amend. It seems hard that the appellant, after being first convicted and sentenced to five years' imprisonment in the penitentiary on a charge of assault with intent to kill, should be tried on a second charge for the same assault and given a penitentiary sentence of forty years. But the only avenue open to him now is an appeal to executive clemency.

The appeal is dismissed. All concur.