BAKERSFIELD NEWS, K. Q. LEWIS and PAUL CATLETT, Sole Owners, Appellants, v. OZARK COUNTY.—92 S. W. (2d) 603.

Division One, March 10, 1936.

*John P. Moberly* for appellants.

*G. W. Rogers* and *Paul Boone* for respondent.

HYDE, C.—This is a proceeding upon an account presented to the County Court of Ozark County against said county. It was apparently appealed to the circuit court of said county, under the provisions of Sections 2093, 2094, Revised Statutes 1929, after disallowance by the county court. The circuit court found against plaintiffs and they have appealed from that judgment.

Respondent has not favored this court with a brief but has filed a motion to dismiss the appeal on the ground that appellants' brief and abstract was received two days late under our rules (Monday, December 23, instead of Saturday, December 21). This motion was taken with the case and will be overruled because appellants made a showing that same was deposited in the United States mails in time to have reached respondent on the required day under ordinary circumstances. [Harbison v. C., R. I. & P. Railroad Co., 327 Mo. 440, 37 S. W. (2d) 609.]

The purpose of this proceeding was to require Ozark County to pay appellants $1,049.12 for printing in their newspaper on October 27, and November 3, 1932, the constitutional ballot for the election of that year. The judgment of the circuit court certified here contains the finding of the court "that the county clerk of Ozark County did not certify the publications to the plaintiff newspaper nor cause them to be published therein." Appellants say in their brief that the county clerk failed to do his duty with regard to publishing election notices and violated the provisions of Sections 10249 and 10383, Revised Statutes 1929, by failing to send the constitutional ballot to them for publication, but that they got a copy of his notice and published it without his authority.

The first matter, which confronts us upon an examination of appellants' abstract, is that it not only contains no bill of exceptions, but that it apparently shows there never was an allowance of a bill. There appears a statement of certain facts about the case and a stipulation signed by attorneys for appellants and respondent which says that they "*agree to waive the necessity of a* formal abstract of the record or *bill of exceptions herein* and agree that said cause may be submitted to the Supreme Court of the State of Missouri, on the above and foregoing statement." · The proposition that appellants seek to raise by their assignments of error is that the trial court decided for the wrong party because under all the evidence they were entitled to judgment. No such question can be presented for appellate review without a bill of exceptions. It is proper to submit a case on an agreed statement of facts in the trial court. If that is done, such an agreed statement may then be included in the bill of exceptions and come to this court as part thereof when such a bill is allowed by the

trial court, but parties cannot try out a case on evidence, as was done in this case, and then, without any allowance of a bill of exceptions, agree on facts to be submitted in this court. [State ex rel. Malin v. Merriam, 159 Mo. 655, 60 S. W. 1112; Fruin v. O'Malley, 241 Mo. 250, 145 S. W. 437; State ex rel. Kansteiner v. Kiethley (Mo.), 204 S. W. 24; Perringer v. Unknown Heirs of Raub, 300 Mo. 535, 254 S. W. 703; Smith v. Webster County (Mo. App.), 256 S. W. 829; see also Bertke v. Hoffman, 330 Mo. 584, 50 S. W. (2d) 107; State ex rel. C., R. I. & P. Railroad Co. v. Shain, 338 Mo. 217, 89 S. W. (2d) 654.] The function of this court on appeal is to determine whether there was prejudicial error committed by the trial court. The bill of exceptions, duly allowed by the trial court, is the only official record of what occurred in the trial court. If counsel were permitted to agree to facts for this court to consider in cases on appeal, it would be possible to frame moot questions that the trial court never determined. The integrity of all matters, not a part of the record proper, must depend upon coming into the record through a duly allowed bill of exceptions, because this court cannot know whether it is passing upon the same case that the trial court decided, unless it considers the case only upon the record made in the trial court. Under our practice, matters of exception can only become a part of that record by being first incorporated in a bill of exceptions presented to, allowed by and ordered made a part of the record by the trial court, or through the procedure of a bystander's bill if the trial court refuses to sign the bill. Unless a bill of exceptions is allowed, whether the case be civil or criminal, there can be nothing before this court except the record proper. [State v. Dimmick; 331 Mo. 240, 53 S. W. (2d) 262, and cases cited; State v. Ragg, 337 Mo. 436, 84 S. W. (2d) 911; Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977.]

In this case the stipulation itself shows that a bill of exceptions containing the evidence could have been presented for allowance, because it recites: "That whereas a transcript of the evidence taken in the trial of said cause has been made by the Court Reporter; that if respondent sees fit, or deems expedient that he may set out or quote from any of the matters in evidence as shown by the transcript of the same." Even if this whole transcript was here, no part of it could be considered by this court, unless it was shown that it had been included in a bill of exceptions presented to and allowed by the trial court. [State v. Ragg, supra.] Our rules do not require the entire transcript of the evidence appearing in a bill of exceptions to be printed in an appellant's abstract. On the contrary, they specifically provide: "The evidence of witnesses may be in narrative form except when the questions and answers are necessary to a complete understanding of the testimony." [See Rule 13.] This court desires that attorneys make reasonable efforts to reduce the size of the ab-

stract of the record and to eliminate nonessential matters therefrom. That is the purpose of Rule 13 and other rules, but whatever is presented here must come from either the record proper or a duly allowed bill of exceptions. [Carter v. Barns, 332 Mo. 1128, 61 S. W. (2d) 933; Young v. Wheelock, 333 Mo. 992, 64 S. W. (2d) 950.] Upon the record presented here, there is nothing before this court except the record proper. No error appearing therefrom, the judgment of the trial court must be affirmed.

■ Concerning the merits of the question which is discussed in appellants' brief, we nevertheless may perhaps properly point out that if there were only two newspapers in the county, then regardless even of representation of political parties, Sections 10249 and 10383 require the county clerk to publish election propositions in both. ■ If a public officer fails to perform mandatory ministerial duties, he may be compelled to do so by mandamus. If he ''be guilty of any willful or fraudulent violation or neglect of any official duty'' he may be removed from office by the method provided in Sections 11202-11209, Revised Statutes 1929. He would be subject to criminal prosecution under Sections 3945-3950 and 10187, Revised Statutes 1929. Citizens also have recourse against public officials by suits for damages. [22 R. C. L. 478, secs. 151 and 161; 46 C. J. 1042, secs. 326-239.] But if a public officer fails or refuses to do his duty it is not usually the right or privilege of private citizens to take the matter in their own hands and perform the duty which they conceive he has neglected and then sue for compensation from the public revenue for their services in so doing. In this case, more compensation was sought than had been paid for the same service, although Section 13774, Revised Statutes 1929, requires public officers to ''accept the most advantageous terms that can be obtained,'' and Section 13773, Revised Statutes 1929, sets the maximum charge.

The judgment is affirmed. *Ferguson* and *Bradley*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as' the opinion of the court. All the judges concur.