[1] Jules Crader was convicted of feloniously selling and disposing of a mortgaged automobile without the written consent of the mortgagee et cetera in violation of § 4492, R.S. 1939, Mo.R.S.A. His punishment was fixed at a fine of $150. He appealed.
[2] An opinion was handed down herein on May 9, 1949, dismissing the appeal on account of defects in the transcript presented for review; including the failure of the circuit clerk to certify the same properly as required by §§ 4146 and 4147, R.S. 1939, Mo.R.S.A. Under §§ 4146 and 4147, it is the duty of the "clerk of the court in which the proceedings were had to make out a full transcript of the record in the cause including the bill of exceptions, judgment and sentence, and certify and transmit same to the office of the clerk of the proper appellate court without delay". It is the duty of an appealing defendant in criminal cases not involving capital punishment to see to it that a proper transcript is transmitted to and filed in the proper appellate court. State v. Kelsay, Mo.Sup., 18 S.W.2d 491[4]; State v. Ross, 334 Mo. 870, 69 S.W.2d 293, 295; State v. Broyles, 340 Mo. 962,104 S.W.2d 270, 271; State v. Ball, Mo. App., 171 S.W.2d 787, 789[2-4].
[3] Appellant's motion for rehearing, assigning inadvertence on the part of the circuit clerk, presented no legal ground for disturbing our ruling. State v. Kelsay, supra; State v. Ball, supra, and other cases. A rehearing was granted on the ground there might be a sufficiently certified record here to permit of affirming or reversing the judgment instead of dismissing the appeal.
[4] An examination of our files discloses that on September 9, 1948, several documents were lodged here in this cause.
[5] One is a copy of the record proper, including also other matter immaterial here, *Page 354 
and is certified to by the clerk of the court as being true copies of the originals therein purported to be set forth.
[6] The other documents do not contain any certificate of the clerk of the court. They do not carry any file mark of his office. They purport to have been prepared by the official reporter as the bill of exceptions in the case. This has been held insufficient to present any matter therein for appellate review. State v. Nidiffer, 337 Mo. 1020, 87 S.W.2d 636, citing cases; State v. Ragg, 337 Mo. 436, 84 S.W.2d 911. The fact that the documents purport to show they were presented to the trial judge as the bill of exceptions to be made a part of the record, which was ordered done, has been held several times to be insufficient to authenticate the bill. State v. Ragg, 337 Mo. 436, 84 S.W.2d 911, 912[4]; State v. Thomas, 331 Mo. 299,53 S.W.2d 266; State v. Ottensmeyer, 330 Mo. 754, 51 S.W.2d 39; State v. Ball, Mo.App., 171 S.W.2d 787, 790[4], citing cases.
[7] The documents subsequently tendered for filing, insofar as material likewise certify only to the record proper. There is no certified bill of exceptions before us. Consult State v. Kelsay, supra.
[8] We have only the record proper for review. Therein we find the information to be sufficient under § 4492; an arraignment; a plea of not guilty; the presence of the defendant; the empaneling and swearing of the jury; the trial upon the information; the return of the verdict; a proper and sufficient verdict; the filing and overruling of a motion for new trial; the according of allocution; a judgment and sentence in accord with the verdict, and the allowance of an appeal, all regular and sufficient.
[9] The judgment should be and is affirmed.
[10] WESTHUES and BARRETT, CC., concur.