**STATE of Missouri, Respondent,**

v.

**Herbert HITE, Appellant.**

No. 45539.

Supreme Court of Missouri.

Division No. 2.

Feb. 11, 1957.

Daniel T. Tillman, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Paul McGhee, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Herbert Hite appeals from a judgment imposing a sentence of imprisonment for five years for grand larceny. Section 560.160 RSMo 1949, V.A.M.S. The charge was brought under the habitual criminal act. The verdict of the jury found appellant guilty of the larceny charged and also of being an habitual criminal. Appellant questions the sufficiency of the evidence to sustain his conviction, and claims prejudicial error occurred in the argument on behalf of the State.

Richard J. Dutson lived alone in a small upstairs apartment at 410 N. Euclid, St. Louis, Missouri. On Monday, August 29, 1955, he had occasion to use a typewriter he kept in his apartment but it was missing. He then looked for a watch he kept in a small drawer. It also was missing. He had not given any one permission to use the articles. His best recollection was he had seen the articles in his apartment two to four days before he missed them. He had purchased the typewriter five or six months before, paying $110 for it. The watch was a Hamilton wrist watch. It had been presented to Richard's father by the members of a board of directors on which his father had served. His father's

initials—"N.R.D."—were on the watch. Richard received the watch when his father died. He valued it at $70. He reported his loss to the police about 11:30 a. m. August 29, 1955.

Appellant had been arrested at 4:00 a. m. on August 29, 1955. He had the watch on his wrist. The initials on the watch did not correspond with appellant's initials and he was questioned concerning it. Appellant first stated the watch had been given to him by his brother-in-law, Fred Douglas. He next stated he had won it in a crap game. Later, he said he bought it from a man he did not know. The typewriter was not recovered, but there was some testimony to the effect appellant had it in his possession as early as August 26th or 27th, 1955.

There was evidence that appellant had previously been convicted on six charges of grand larceny, imprisoned, and later discharged upon compliance with the respective sentences.

The appellant adduced no evidence.

Appellant for a point in his brief states that the jury failed to follow the instruction on circumstantial evidence and the instruction under the habitual criminal act, which was conditioned, first, upon a finding that defendant was guilty of the offense for which he was on trial. The substance of appellant's position is that the evidence raised only a suspicion of his guilt and did not authorize his conviction of the instant charge. Here the appellant's exclusive possession of the recently stolen watch and conflicting explanations as to how he came into its possession made a submissible issue of his guilt of the offense on trial. State v. Oliver, 355 Mo. 173, 195 S.W.2d 484 [2–5]; State v. Denison, 352 Mo. 572, 178 S.W.2d 449 [3–10]; State v. Curley, Mo., 142 S.W.2d 34; State v. Harper, 353 Mo. 821, 184 S.W.2d 601 [2, 3]. The evidence was also sufficient to sustain appellant's conviction under the habitual criminal statute. Section 556.280 RSMo 1949,

V.A.M.S.; State v. Martin, Mo., 275 S.W.2d 336 [3].

■ Appellant states the prosecuting attorney referred to his failure to testify. Sup.Ct.R. 26.08, 42 V.A.M.S. He objected to the following statement: "I think the State has brought you all that could be expected in this sort of case, and you can view the evidence in this case as you view the scales of justice themselves. On one side is the State's evidence, not contradicted. And what is on the defense side? It is empty." The following remarks have been held not to refer to an accused's failure to testify: "And what's on his side of the scale—empty", State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660, 662 [5]; "When the State closed the evidence, what did the defense offer? They offered no evidence at all." State v. Hayzlett, Mo., 265 S.W.2d 321, 323, 324 [3–6]. Appellant's contention is overruled.

■ This case was argued and submitted by the appellant and respondent in this court on January 15, 1957. Points in appellant's brief claim additional error occurred in the argument on behalf of the State; but the matters referred to do not appear in the record before us and are not for review. It is the duty of an appealing defendant in criminal cases not involving capital punishment to see to it that a proper transcript is transmitted to and filed in the proper appellate court. Sup.Ct.R. 28.08; Section 547.120 RSMo 1949, V.A.M.S.; State v. Gaddy, Mo., 261 S.W.2d 65 [13]; State v. Crader, Mo., 225 S.W.2d 353 [1]; State v. Redd, Mo., 257 S.W.2d 638 [1, 2]; State v. Tompkins, Mo., 277 S.W.2d 587, 592 [16–18]; State v. Kelsay, Mo., 18 S.W.2d 491 [4, 5].

■ The transcript shows compliance with all matters necessary to be considered by this court "upon the record before it." Sup.Ct.R. 28.02, 28.08. The jury found the appellant guilty of grand larceny and: "We further find the defendant has been formerly convicted of a felony" and assessed the punishment. The verdict is sufficient. State v. Charles, Mo., 268 S.W.2d 830 [1]; State v. Jonas, Mo., 260 S.W.2d 3 [7].

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.