THE STATE v. GEORGE BROYLES, Appellant.—104 S. W. (2d) 270.

Division Two, April 21, 1937.

*Verne R. C. Lacy* for appellant.

*Roy McKittrick,* Attorney General, and *Frank W. Hayes,* Assistant Attorney General for respondent.

BOHLING, C.—George Broyles appeals from a judgment impos-

ing a sentence of twenty-five years" imprisonment for the murder of Ira Pearce in Franklin County, Missouri, on October 14, 1933.

The record proper discloses the verdict of the jury was returned December 6th, 1934, and on the same day what purports to be the judgment and sentence was rendered. The next entries of record, under date of December 10th, 1934, read: "Motion for new trial filed and overruled." "Defendant is sentenced to twenty-five years in penitentiary by the Court in accordance with verdict of the jury." This is followed by entries with reference to the appeal. There is no showing of record that defendant was accorded allocution at the time of the rendition of the judgment; and since defendant had not been heard on a motion for new trial [Sec. 3714, R. S. 1929, Mo. Stat. Ann., p. 3264] the accordance of allocution was mandatory in the instant case [Sec. 3713, R. S. 1929, Mo. Stat. Ann., p. 3263]. It follows that the judgment must be reversed and the cause remanded. State v. Turpin (Banc), 332 Mo. 1012, 1019 (IV), 61 S. W. (2d) 945, 949 (17 et seq.) citing cases; State v. Mauzy (Mo.), 79 S. W. (2d) 1044. For the responsibility resting upon litigants, or their counsel, in the proper preparation, etc., of a full transcript of the proceedings for appellate review, see State v. Kelsay (Mo.), 18 S. W. (2d) 491 (4); State v. Barrett (Mo.), 44 S. W. (2d) 76, 78 (6).

The circuit clerk's authentication of the record proper bears date of December 5th, 1935. We have before us a separate document, purporting to be a copy of the bill of exceptions. It indicates the bill of exceptions was presented to the trial court on August 5th, 1936. The record proper, which was prepared several months prior to the bill of exceptions, of course, contains no reference to the filing of the bill of exceptions. The circuit clerk purports to authenticate his certificate to the purported bill of exceptions as follows: "Witness my hand and the seal of this court, at office in the City of Union, this 5th day of August, 1936." However, the seal of the court is not affixed to this certificate of the clerk. Sections 3756, 3757, Revised Statutes 1929 (Mo. Stat. Ann., pp. 3292, 3295), contemplate that the clerks of the trial courts make out, "certify" and transmit "a full transcript of the record" upon appeals or writs of error in criminal cases. Section 1827, Revised Statutes 1929 (Mo. Stat. Ann., p. 2559), provides: "Each court of record in this state shall procure and keep a seal . . . and the impressions thereof by stamp shall be deemed a sufficient sealing;" and Section 1828, Ibid., provides: "When no seal is provided, the clerk may use his private seal for the authentication of any record, process or proceeding required by law to be authenticated by the seal of the court; and the attestation of the clerk, stating that he has no seal of office, and that he has affixed his private seal, shall be received as sufficient authentication, without requiring any proof of

such private seal, or that it was affixed.'' Clerks of courts of record are to ''preserve the seal and other property belonging to his office,'' and are to maintain an ''office,'' in which they are to transact their official business and keep the ''seal'' and other property belonging to the office [Secs. 11672, 11674, R. S. 1929, Mo. Stat. Ann., p. 1802]. Under Section 1700, Revised Statutes 1929 (Mo. Stat. Ann., p. 3983), ''. . . Copies from the records of proceedings of any court of record of this state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, or if there be no seal, with the private seal of the clerk, shall be received as evidence of the acts or proceedings of such court of record in any court of this state.'' The full transcript of the proceedings had in the trial of a criminal cause when lodged here upon appeal or writ of error is the record or evidence before this court of the proceedings had in the trial court for the purposes of review. The statutory requirement that such transcripts be made out, certified and transmitted by the clerk of the trial court is a practical requirement; and we think the transcript should be certified over the signature of the clerk of the trial court, with the seal of the court affixed to such certificate [see 30 A. L. R. 736 d, 1, 3, 4] or the absence of the official seal of the court attested by such clerk [see Sec. 1828, supra].

Defendant's brief undertakes to present issues relating only to the instructions. Since, upon receipt of our mandate, the trial court should proceed in accord with the Turpin case, supra, we deem it not amiss, if the purported bill of exceptions correctly states the proceedings, to direct attention to at least the following cases: State v. Duncan, 336 Mo. 600, 612(6), 80 S. W. (2d) 147, 153(15), and comment thereon in State v. Bartley, 337 Mo. 229, 236(4), 84 S. W. (2d) 637, 640(5); State v. Warren, 326 Mo. 843, 851 (II-V), 855(VIII), 33 S. W. 125, 128(3-7), 130 (13-15), and observations in State v. Malone, 327 Mo. 1217, 1234(4), 39 S. W. (2d) 786, 793(7, 8).

The judgment is reversed and the cause remanded. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.