In re Liquidation Bank of Mt. Moriah, S. L. Cantley Commissioner, Appellant, v. Village of Mt. Moriah, Respondent. —49 S. W. (2d) 275.

Kansas City Court of Appeals. May 2, 1932.

*Gilbert Barlow* for appellant.

*Frisby & Frisby* for respondent.

BLAND, J.—This is an appeal from the action of the trial court in allowing a preferred claim to the village of Mt. Moriah against the Bank of Mt. Moriah.

The facts show that Mt. Moriah is a village incorporated under the provisions of Article 9, chapter 38, Revised Statutes 1929; that on April 5, 1929, Mr. J. W. Downey, one of the trustees of said village, was elected by the trustees to the position of treasurer of said village, but he was not required to give bond as such treasurer and at no time furnished one; that he assumed the office and duties of treasurer and a few days after being elected treasurer deposited the moneys he received from his predecessor in the bank of Mt. Moriah in the name of J. W. Downey, treasurer; that on February 18, 1930, the bank of Mt. Moriah was placed in the hands of the commissioner of finance for the purpose of liquidation, as pro-

vided by law; that at the time of the closing of the bank Downey, as treasurer, had on deposit therein the sum of $1266.92, for which sum preference is asked by the village; that there are sufficient funds on hand to pay all claims for which preferences have been asked.

It is claimed by the plaintiff that Downey never qualified as treasurer and, therefore, did not become the legal custodian of its funds for the reason that section 7155, Revised Statutes 1929, was not complied with; that, consequently, he became a trustee *ex maleficio* in assuming possession of the village funds; that the bank was chargeable with the knowledge of the violation of the statute in question. Section 7155, Revised Statutes 1929, provides as follows:

"Every constable, marshal, collector and treasurer appointed by virtue of this article shall, before he enters on the duties of his office, enter into bond, payable to the city or town of which he is an officer, with good and sufficient securities, in any sum not less than one thousand dollars, the amount to be fixed and the bond to be approved by the board of trustees. The bond shall be conditioned that he will faithfully perform the duties of his office according to law."

The main question in dispute between the parties is whether this section of the statute, requiring a bond of the treasurer of the village, is directory or mandatory, it being conceded by the defendant that, if it is mandatory, Downey never became treasurer of the village and was not entitled to possession of its funds.

"If a statute merely requires certain things to be done and nowhere prescribes the result that shall follow if such things are not done, then the statute should be held to be directory. The rule thus stated is in harmony with that other well-recognized canon that statutes directing the mode of proceedings by public officers are to be held to be directory and are not to be regarded as essential to the validity of a proceeding unless it be so declared by law. [State v. Cook, 14 Barb. 259.] By this we mean that if a fair consideration of the statute shows that unless the Legislature intended compliance with the proviso to be essential to the validity of the proceeding, which nowhere appears, then it is to be regarded as merely directory." [State ex inf. Frank W. McAllister v. Bird et al., 295 Mo. 344, 351, 352.]

In State ex rel. v. Churchhill, 41 Mo. 41, the provision of a statute requiring the county treasurer to give bond within ten days after his appointment or election was held to be merely directory, it being said that the matter of time was not essential to the validity of the bond nor a condition precedent to the party's title to the office. In State ex rel. v. Findley, 101 Mo. 368, it was held that the statute forbidding county courts from accepting an official bond with the name of a judge of the court as a surety thereon was directory only.

"In the absence of a statute so providing, it is generally held that a failure to qualify, although it affords cause for forfeiture of the office, does not create a vacancy, and even though it is irregular and improper to induct one into office, without giving the required bond, such a one is legally in office, and so remains until removed by judicial process, and if the oath is taken or the bond filed at any time before proceedings are taken to declare a vacancy, it is sufficient." [46 C. J., pp. 962, 963.]

The case of United States v. Bradley, 10 Peters, 343, involved an act of Congress providing that "all officers of the pay, commissary and quartermaster's· department shall, previous to entering on the duties of their respective offices, give bond and sufficient bonds to the United States, fully to account for all moneys and public property which they may receive, in such sums as the secretary of war shall direct." It was held that the giving of such a bond was a mere ministerial act, and not a condition precedent to the officer's authority to act as pay master; that the appointment was complete when made by the president and confirmed by the senate. A similar ruling was made in the cases of U. S. v. Eaton, 169 U. S. 331, 346; Glavey v. U. S., 182 U. S. 595; State ex rel. v. Carroll, 57 Wash. 202; Board of Commissioners v. Johnson, 124 Ind. 145; Pickering v. Day, 95 Am. Decisions, 291. The following cases involve statutes making the giving of a bond mandatory and a condition precedent to qualifying for the office. [Rounds v. Bangor, 46 Me. 541, 543; Andrews v. Covington, 69 Miss. 740; State ex rel. v. Tucker, 54 Ala. 205; Advisory Opinion to Governor, 65 Fla. 434; C. N. O. & T. R. Co. v. Cundiff, 166 Ky. 594; Patterson v. State of Nebraska, 92 Neb. 729.]

Section 7155 is not similar to the statutes construed in the cases last cited but more like those in the cases heretofore cited.

Some statutes provide that the failure to give bond shall work a vacancy or a forfeiture of the office, but it is usually held that, under these statutes, the officer continues to be a *de jure* officer until a vacancy or forfeiture is declared. [See State ex rel. v. Ely, 43 Ala. 568; State ex rel. v. Callow, 78 Mont. 308; People ex rel. v. Thomas, 80 Mich. 265; People ex rel. v. Watts, 26 N. Y. S. 280.] In the case last cited the court quoted approvingly (page 282) from Dill. Mun. Corp. (4 Ed.) as follows:

"Statutes requiring an oath of office and bond are usually directory in their nature; and unless the failure to take the oath or give the bond by the time prescribed is expressly declared, *ipso facto*, to vacate the office, the oath may be taken or the bond given afterwards, if no vacancy has been declared."

It is quite apparent that section 7155 is merely directory and that Downey was a *de jure* officer, although he gave no bond. In any

event he was a *de facto* officer. [See 22 R. C. L. pp. 597, 598; Commonwealth ex rel. v. Slifer, 25 Pa. St. 23; Weatherford v. State, 37 A. S. R. 828; 46 C. J. pp. 1056, 1057; 43 C. J. p. 639; Powers v. Braley, 41 Mo. App. 556; Akers v. Kolkmeyer, 97 Mo. App. 520; Edwards v. Kirkwood, 162 Mo. App. 576, 582.] So far as third persons and the public are concerned there is no practical difference between the acts of a *de jure* and a *de facto* officer (22 R. C. L., pp. 601, 602; 46 C. J., pp. 1060, 1061).

There is no question of the village selecting a depository involved in the case, as the statute concerning villages does not provide for one, nor was one selected by the village.

There is no doubt but that Downey was the legal custodian of the funds of the village (section 7190, Revised Statutes 1929); City of Macon v. Farmers Trust Co., 21 S. W. (2d) 643; that the deposit of the funds in the bank was lawful (In re Hunters Bank of New Madrid v. City of New Madrid, 30 S. W. (2d) 782; 7 C. J., p. 633), and that the village has no right to a preference in this case. [See cases last cited.]

The judgment is reversed and the cause remanded with directions to the lower court to allow the claim as a common one.