STATE OF MISSOURI, at the Relation of J. E. TAYLOR, as Attorney General of the State of Missouri, Relator, v. D. P. WADE, KIETH E. TILMAN and I. F. SALLEE, as Members of the County Court of Ozark County, Missouri, Respondents, No. 41795—231 S. W. (2d) 179.

Court en Banc, June 13, 1950.

Rehearing Denied, July 10, 1950.

J. E. Taylor, Attorney General, Gilbert Lamb and C. B. Burns, Jr., Assistant Attorneys General, for relator.

*Paul Boone,* Prosecuting Attorney, for respondents.

HYDE, C. J.—Mandamus to compel the County Court of Ozark County to prepare and publish a financial statement of the County for the year ending December 31, 1948, in accordance with the provisions of Sections 13827 and 13828, R. S. 1939, Mo. R. S. A. After respondents filed return to the petition, relator filed a motion for judgment on the pleadings.

Respondents challenge the right of the Attorney General to bring this action and contend that relator's petition was insufficient because it did not allege that respondents were requested to prepare and publish the financial statement, because it did not show that the State has any definite interest in the subject matter of the action (claiming it to be a matter of only local interest) and because it did not show that there were any funds available for such purpose. Respondents also contend that these statutes are directory and not mandatory and that they are invalid because the title to the Act adopting them was defective. It is admitted that respondents, members of the county court of Ozark County, have not prepared and published any such statement for the year ending December 31, 1948.

It is further stated that the members of the county court who preceded them in office have not done so for many years.

■ There can be no question about the mandatory character of these statutes. Section 13827 says that each year "the county court of each county in this state *shall* prepare and publish * * * a detailed financial statement of the county for the year ending December 31, preceding." The requirements of the statement are set out in this statute with particularity and Section 13828 provides that "the court shall forward one proof (of publication of this statement) to the state auditor" and obtain his approval "that it complies with the requirements of this section" before paying for its publication or preparation. Furthermore, this section provides a penalty upon members of the county court for failure to prepare and publish such a statement; namely, that they shall not be entitled to any compensation after April 1st of each year until the state auditor notifies the county treasurer that the proof of publication has been filed. Certainly statutes that use the word "shall", and then provide a penalty for failure to do what is required, are mandatory statutes. (See 50 Am. Jur. 47-57, Sec's. 24-35.) As shown by this discussion in American Jurisprudence, this question usually arises in determining whether failure to comply with a statutory provision makes an act or proceeding void. (The cases cited by respondents are such cases, namely, State ex inf. McAllister v. Bird, 295 Mo. 344, 244 S. W. 938; Hudgins v. Mooresville Consolidated School District, 312 Mo. 1, 278 S. W. 769; Cantley v. Village of Mt. Moriah, 226 Mo. App. 1230, 49 S. W. (2d) 275. See also State ex rel. City of Berkeley v. Holmes, 358 Mo. 1237, 219 S. W. (2d) 650.) When the statute ■ creates an official duty in the interest of the public it is a different matter; and when the General Assembly imposes such a duty upon a public officer, he has no discretion as to whether or not it should be performed.

■ Likewise, public officers are required to perform mandatory duties of the office imposed by the Legislature (which are "of a public nature affecting the people at large") without any special request or demand from anyone. (State ex rel. Thompson v. Jones, 328 Mo. 267, 41 S. W. (2d) 393.) Certainly the enactment of. these statutes for the publication of detailed information about the financial affairs of counties, with the requirement of filing proof of publication with the state auditor, was a sufficient demonstration of the interest of the State therein. Of course, the interest of the State is plain enough in having counties, which are political sub-divisions of the State, fully disclose their financial affairs to their own inhabitants, to the public generally and to the state auditor. Such publicity as to the source and use of public funds has been considered essential to the proper conduct of county government for more than 100 years. (See Laws 1841, p. 57.) It is now more important than ever since it provides means for determining compliance

with the county budget laws. "Where a public right is involved, and the object is to enforce a public duty, the people are regarded as the real party, (in interest) and in such case the relator need not show any legal or special interest in the result." (State ex rel. Wear v. Francis, 95 Mo. 44, 8 S. W. 1.) The Attorney General, both because of his statutory and common law powers, is a proper party to bring an action for the state which involves such rights and seeks enforcement of such duties, and which would prevent injury to the general welfare. (State ex rel. Delmar Jockey Club v. Zachritz, 166 Mo. 307, 65 S. W. 999; State ex rel. Barrett v. Boeckeler Lumber Co., 302 Mo. 187, 257 S. W. 453; 5 Am. Jur. 238, Sec. 8.) We, therefore, hold that the Attorney General could properly bring this action in this Court and that the petition was sufficient without further allegations concerning these matters.

██ As to availability of funds, there is no allegation about it in the petition and respondents' return makes the following allegations: "That the matter of preparing and publishing a detailed financial statement under the provisions of said Sections 13827 and 13828 was not called to the attention of the respondents herein until the month of June, 1949, after the budget for Ozark County for the year 1949 had been made, filed in the office of the state auditor and approved. That there were no funds available in the budget of Ozark County for the year 1949 for the preparation and publication of such financial statement. That there is no surplus funds with which to prepare and publish such financial statement, and that Ozark County is without any funds with which to prepare and publish such detailed financial statement. That all the income and anticipated income for Ozark County for the year 1949, has been obligated and warrants drawn for same, so that Ozark County has no funds with which to pay for the preparation and publishing a detailed financial statement of said county for the year ending December 31, 1948." These allegations, in so far as they state facts, stand admitted by the motion for judgment on the pleadings. Respondents say that to compel them by mandamus to prepare and publish this statement, when all funds for the year in which it should have been published have been exhausted or obligated, would require them to do an illegal act.

Respondents' failure to make provision for this in the county budget is not decisive. In Gill v. Buchanan County, 346 Mo. 599, 142 S. W. (2d) 665, 668, we held that failure to make provision in the budget for the amounts necessary to pay in full, all county officers' salaries fixed by the Legislature did not affect the county's obligation to pay them. We said: "The action of the Legislature in fixing salaries of county officers is in effect a direction to the county court to include the necessary amounts in the budget. * * * Certainly such obligations imposed by the ██ Legislature were intended to have priority over other items as to which the county court had

discretion to determine whether or not obligations concerning them should be incurred.. They must be considered to be in the budget every year because the Legislature has put them in and only the Legislature can take them out or take out any part of these amounts. * * * Mandatory obligations imposed by the Legislature and other essential charges should be first budgeted, and then any balance may be appropriated for other purposes as to which there is discretionary power. Failure to budget funds for the full amount of salaries due officers of the county, under the applicable law, which the county · court must obey, cannot bar the right to be paid the balance. Instead, it must be the discretionary obligations incurred for other purposes which are invalid, rather than the mandatory obligation imposed by the same authority which imposed the budget requirements.'' So here, while the Legislature did not fix the exact amount to be included in the budget, its direction in these statutes that such a statement must be prepared and published annually is a mandate to the county court to include a reasonable amount for that purpose in each year's budget; and the amounts required for this purpose ''have priority over other items as to which the county court had discretion to determine whether or not obligations concerning them should be incurred.''

Even though all income collected and anticipated for Ozark County for 1949 ''has been obligated and warrants drawn for same,'' nevertheless, the cost of preparation and publication of this statement was a prior charge over other items in the budget not directed by the Legislature to be included therein. Furthermore, it is in effect, made a prior charge over respondents' own compensation by Section 13828. In Nodaway County v. Kidder, 344 Mo. 795, 129 S. W. (2d) 857, we held that money paid to a county officer to which he is not entitled by law may be recovered back by the county. Therefore, the cost of this statement should be paid prior to respondents' compensation and this is clearly what the Legislature intended. There is no reason to believe that this cost would be very large or that it could exceed the amount of respondents' pay due after April 1, 1949. Of course, the statement cannot now be published within the time required by the statute. However, it can still serve the purpose of giving the information about the financial affairs of the county for the year 1948 to the public and the state auditor that the Legislature intended for them to have. Although no expense for this publication was incurred in 1949, it, nevertheless, could be paid out of any surplus for 1950 remaining after necessary charges on this year's revenue. Under these circumstances, we think the relief sought by the Attorney General should be granted and hold that the facts alleged and admitted concerning the obligations incurred against the 1949 revenue of the County are not sufficient to constitute a defense. (For cases in which such relief was granted see State ex rel. Bailey v. County Court of Raleigh County, 109 W. Va. 31, 152 S. E. 784; Woodyard Publications v.

Lambert, 112 W. Va. 22, 163 S. E. 858; see also State ex rel. Heidrich v. Heffelfinger, 209 Minn. 343, 296 N. W. 181; Bakersfield News v. Ozark County, 338 Mo. 519, 92 S. W. (2d) 603.) Any other result would permit executive or administrative officers to ignore the action of the Legislature establishing the duties of their offices and to encroach upon the legislative functions of determining the public policy of the state.

Respondents further contend that Sections 13827 and 13828 are unconstitutional and void, saying the title to the 1933 bill (Laws 1933, p. 353) enacting them contains more than one subject which was not clearly expressed in its title as required by Sec. 28, Art. 4, Constitution of 1875. The title to the 1933 Act was as follows: "An Act to repeal Sections 12165 and 12166 Revised Statutes of Missouri, 1929, relating to the preparation and publication of a detailed financial statement by county courts; and to enact two new sections in lieu thereof, to be known as sections 12165 and 12166 and relating to the same subject." (It may be noted that Section 13827 has been reenacted, ▮▮▮ Laws 1935, p. 317; and that Section 13828 has been amended, Laws 1937, p. 419.) The purpose of this Constitutional provision "was to limit the subject-matter of the bill to one general subject and to afford reasonably definite information to the members of the General Assembly and the people as to the subject-matter dealt with by the Bill;" and "this Court has recognized the impossibility of formulating any general rule or principle of universal application which can be safely applied to test the sufficiency of the titles of particular enactments and, in general, has given its sanction to the view that each case must be determined upon its own peculiar facts." (Graves v. Purcell, 337 Mo. 574, 85 S. W. (2d) 543.) In the Graves case, we considered the effect of the general portion of the title which was: "An Act to provide for a county budget." It was contended that provisions for fixing salaries of county employees, borrowing money in anticipation of taxes, limiting purchases of supplies and limiting liability of the county were not covered by this title. We held that the Act "deals with a single general subject namely, 'a county budget' and that this subject is clearly expressed in the title." We said: "Every provision of the act fairly relates to, and has a natural connection with, the subject expressed in the title and, therefore, falls within the title. It is unimportant 'that some provisions of the act are not specifically named in the title, or that, by refinement of terminology, the minutiae of the act itself can be separately catalogued.' "

We have also held, when an amendment does not introduce any alien or unrelated matter, that "a mere reference to the section to be amended without other description of the subject matter of the amendatory law is a sufficient title to an act which deals exclusively with the subject of the act amended." (Clark v. Atchison, T. &

S. F. R. Co., 319 Mo. 865, 6 S. W. (2d) 954; See also Downey v. Schrader, 353 Mo. 40, 182 S. W. (2d) 320.) The title to the original 1841 Act, requiring detailed statements of county receipts and disbursements to be made public, was: "An Act concerning the tribunals transacting county business", Laws 1841, p. 57; and it likewise provided a penalty by making failure to comply a misdemeanor in office, which seems a more drastic penalty than withholding pay. Certainly all of the provisions of these two statutes concerning respondents' duties are provisions "relating to the preparation and publication of a detailed financial statement by county courts"; and we think the provision making the cost thereof a charge on the county funds with priority over the pay of members of the County Court (especially since there was a penalty for noncompliance in the original 1841 Act) likewise fairly relates to this subject matter. Even if, as respondents contend, the provisions making certain acts (of persons actually preparing the statement) criminal offenses, and providing for liability of certain officers on official bonds, are beyond the title of the Act, this would not make these statutes invalid as to them. (State ex rel. Missouri State Board of Agriculture v. Woods, 317 Mo. 403, 296 S. W. 381.) As held in the Woods case, respondents' "duties in the premises are clearly and definitely prescribed," and are within the title to the Act, and these statutes are clearly valid as to them. The provisions concerning criminal offenses and liability on bonds could be separable (if invalid which we do not decide) leaving the remainder of the Act completely workable and valid. (State ex rel. Fire District of Lemay v. Smith, 353 Mo. 807, 184 S. W. (2d) 593; See also City of Columbia v. State Public Service Commission, 329 Mo. 38, 43 S. W. (2d) 813.) Several cases cited by respondents apply this rule (City of St. Louis v. Wortman, 213 Mo. 131, 112 S. W. 520; State ex rel. St. Louis County v. Gordon, 268 Mo. 713, 188 S. W. 160; Ex parte Hunn, (Mo.) 207 S. W. (2d) 468); all of them holding certain parts of Acts invalid, because of subject matter not within the title, without affecting the validity of the rest of the Act. We, therefore, hold that these statutes are constitutional and valid in imposing upon respondents the duties of having prepared and published annually a detailed financial statement of the County and that they should have such a statement prepared and published for the year ending December 31, 1948.

It is ordered that our peremptory writ issue for that purpose. All concur.