Dear Senator Strong:
This is in response to your request, received in this office October 21, 1983, for an opinion on the following questions:
 Does Section 130.066(5), R.S.Mo., prohibit members of the Campaign Finance Review Board, or the board's staff, from releasing information which would be a public record if it were in the possession of another public official (i.e., the Office of the Secretary of State, or the office of a County Prosecutor)? Specifically:
 1. Is the Campaign Finance Review Board prohibited from releasing information regarding candidates or committees who fail to file or who have not filed on time, as that information appears on the face of records filed with County Clerks or the Office of the Secretary of State?
 2. Is the Campaign Finance Review Board prohibited from releasing the substance of a complaint received by the Board before any formal investigation by the Board or its staff has taken place?
 2a. In reference to question number 2 above, is the release of such information affected by whether that release will take place before or after the election to which it applies?
 3. At what point in time does an "investigation", as referred to in the statute, begin?
 a. Upon receipt of a complaint by the Campaign Finance Review Board office?
 b. Upon initial review by the Board's staff?
 c. Upon decision by the Board to investigate the complaint?
 4. What information constitutes "details"? Specifically, does the term include information contained in public records on file with other state and local governmental agencies?
 5. What is the relationship between Section 130.066(5) and Section 610.100, et seq., R.S.Mo.? Specifically, is the Campaign Finance Review Board prohibited from releasing all information regarding complaints turned over to local prosecutors when that information is a public record in the hands of the prosecutor's office?
In providing our responses to your questions, we have taken the liberty of rearranging your questions to avoid unnecessary repetition. Irrespective of the order in which your questions are taken, Section 130.066(5), RSMo 1978, is central to their resolution. For your convenience, we quote it here.
 The board shall have the following functions:
* * *
 (5) Review reports and statements filed with the appropriate officers, and upon review, if there are reasonable grounds to believe that a violation has occurred, may conduct an audit of such reports and statements. Any audit or investigation of a candidate's or his committee's reports and statements shall include an audit of the reports and statements of his opponent or opponents as well. All investigations by the board prior to an election shall be strictly confidential. Revealing any investigation information prior to such an election shall be a violation of this chapter and shall be cause for removal or dismissal of a board member or board employee. Details of all investigations shall be confidential with the exception of notification of the complainant or the person under investigation;
 I. At what point in time does an "investigation", as referred to in the statute, begin?
 a. Upon receipt of a complaint by the Campaign Finance Review Board office?
 b. Upon initial review by the Board's staff?
 c. Upon decision by the Board to investigate the complaint?
Section 130.066(6), RSMo 1978, provides:
 The board shall have the following functions:
* * *
 (6) Upon sworn written complaint of any citizen or upon findings reported to the board by the secretary of state, or other appropriate officers, audit and report apparent violations of this chapter to the appropriate prosecuting attorney;
We do not believe that the Board possesses the authority to exercise discretion over whether to investigate a complaint properly referred to it pursuant to Section 130.066. The legislature has provided that the board "audit and report apparent violations . . . ." "[u]pon the sworn written complaint of any citizen or upon findings reported to the board . . ." In State ex rel.McTague v. McClellan, 532 S.W.2d 870 (Mo.App. 1976), the court noted:
 "[W]hen the statute creates an official duty in the interest of the public it is a different matter; and when the General Assembly imposes such a duty upon a public officer, he has no discretion as to whether or not it should be performed." State ex rel. Taylor v. Wade, 300 Mo. 895, 231 S.W.2d 179, 181-182 (en banc 1950). Id. at 871.
We interpret Section 130.066(6) as imposing upon the Board a mandatory duty to investigate whenever a proper complaint or finding is filed with it.
The General Assembly has not provided for the filing of Campaign Finance Disclosure Law reports or statements with the Board. Instead, the required reports must be filed with the Secretary of State (Section 130.056 RSMo Supp. 1982) or the appropriate officer (Section 130.026, RSMo Supp. 1982). The Board is empowered to review reports and statements "filed with appropriate officers. . ." and to conduct an audit "if there are reasonable grounds to believe a violation has occurred. . ." [Section 130.066(5)] or if there has been a complaint filed by a citizen or findings reported by the Secretary of State or other appropriate officer [Section 130.066(6)]. The information upon which the Board may initiate an investigation is information either reviewed by it on its own initiative for possible violations of the law or referred to it by a citizen or an appropriate officer who alleges a violation of the law. With regard to information either reviewed or received, it is our view that the Board's duties are purely investigatory.
Therefore, since the Board has no discretion to refuse to investigate a complaint, we believe that an investigation by the Campaign Finance Review Board begins with the Board's review of reports or statements filed with appropriate officers, its receipt of a sworn written complaint of a citizen or its receipt of finding of the secretary of state or other appropriate officers, whichever event occurs first.
 II. What information constitutes "details"? Specifically, does the term include information contained in public records on file with other state and local governmental agencies?
When interpreting a statute, we are required to give the words used their ordinary meanings in the absence of a contrary definition provided by the General Assembly. Bethel v. SunlightJanitor Service, 551 S.W.2d 616, 619 (Mo. banc 1977).
Webster's New International Dictionary (2nd Ed. 1946), defines "detail" as:
 2. A part of a whole; spec. a A small and subordinate part; a particular; an item; a circumstance; — distinguished from outline, structure, design, etc.
Thus, we believe that "details", as the word is used in Section 130.066(5), are specific facts relating to an alleged violation of Chapter 130 which is or has been under investigation by the Board.
Your question appears less concerned with the definition of the word "details" than with whether such details can properly be made public by the Board or its members or staff if available through some other agency or officer. We will discuss that portion of your request next.
 III. Does Section 130.066(5), R.S.Mo., prohibit members of the Campaign Finance Review Board, or the board's staff, from releasing information which would be a public record if it were in the possession of another public official (i.e., the Office of the Secretary of State, or the office of a County Prosecutor)? Specifically:
 Is the Campaign Finance Review Board prohibited from releasing information regarding candidates or committees who fail to file or who have not filed on time, as that information appears on the face of records filed with County Clerks or the Office of the Secretary of State?
Section 130.066(5) states in part pertinent to these questions:
 All investigations by the board prior to an election shall be strictly confidential. Revealing any investigation information prior to such an election shall be a violation of this chapter and shall be cause for removal or dismissal of a board member or board employee. Details of all investigations shall be confidential with the exception of notification of the complainant or the person under investigation; [Emphasis added.]
In Opinion No. 119-83, Kirkpatrick, August 29, 1983, we opined that the records of the Campaign Reporting Division of the Secretary of State's Office are open to the public. In addition, we concluded that the public may inspect memoranda of referral prepared by the Secretary of State for the Campaign Finance Review Board.
Neither Opinion No. 119-83 nor Section 130.066(5) can be read to grant members of the Campaign Finance Review Board or Board staff permission to disclose information in the Board's custody simply because it is available elsewhere. The legislature has prohibited Board members and staff from disclosing the existence of investigations prior to an election and the details of an investigation at any time. To further its intentions, the General Assembly provided that sanctions be imposed against those members or employees of the Board who breach the confidentiality of investigations as mandated by law.
We believe that the statutory prohibition against disclosure of matters relating to investigations focuses not on information but on the sources of information. Because the Board is charged with the administration of the Campaign Finance Disclosure Law and assuring compliance therewith, the General Assembly may have reasoned that the Board's disclosure of the existence of an ongoing investigation is more likely to foster a perception that "something is wrong" than would the disclosure of the same information by a agency not charged with enforcing the law. It further may have reasoned that candidates should not be made subject to the innuendo which might result from charges still under investigation and therefore, not proven. Whatever the reason, the prohibitive language of the statute is unqualified; public disclosure of the details of an investigation conducted pursuant to Chapter 130 may be made only by the filing of a charge in a court of law by appropriate prosecuting authorities. Therefore, it is our opinion that Board members and staff may not disclose the existence or details of an investigation irrespective of the fact that such information is properly available elsewhere.
This view is consistent with our discussion at I, supra. The Board is not the agency with which statements and reports are filed. It has no legal duty to maintain such files or to disclose them pursuant to Chapter 610, given the strict confidentiality of Board investigations. Therefore, it is our opinion that the Board is prohibited from releasing information regarding candidates or committees who fail to file, or fail to file in a timely manner, reports required by law to be filed with the Secretary of State or other appropriate officer.
 IV. What is the relationship between Section 130.066(5) and Section 610.100, et seq., R.S.Mo.? Specifically, is the Campaign Finance Review Board prohibited from releasing all information regarding complaints turned over to local prosecutors when that information is a public record in the hands of the prosecutor's office?
Section 610.100, RSMo Supp. 1982, provides:
 If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.
We do not need to reach the issue of whether records "in the hands" of the local prosecutor are public records. We have earlier concluded that Board members and staff are prohibited from disclosing information relating to the existence of an investigation by the Board prior to an election and from generally releasing details of an investigation at any time. We reiterate our position: Irrespective of the availability of investigation information from some other source, Board members and staff may not disclose such information.
 V. Is the Campaign Finance Review Board prohibited from releasing the substance of a complaint received by the Board before any formal investigation by the Board or its staff has taken place?
 Is the release of such information affected by whether that release will take place before or after the election to which it applies?
Section 130.066(5)) makes all investigations by the Board "strictly confidential" prior to an election. (We assume, for purposes of this opinion, that the election to which the statute refers is the election in which the candidate or ballot issue supported or opposed by the person or committee under investigation is to be voted upon.)
Your question asks whether the "substance" of a complaint can be released by the Board prior to the initiation of a formal investigation. We have earlier noted that an investigation begins upon the Board's receipt of a citizen complaint or the findings of appropriate officer. Thus, we believe that the confidentiality provisions of Section 130.066(5) prohibit the release of any information relating to an investigation prior to an election.
In Opinion Letter 142-80, Strong, June 16, 1980, we concluded that the details of an investigation are confidential, even after the election is completed. The language of Section 130.066(5) is somewhat ambiguous. By prohibiting the disclosure of details, the statute seems to permit the disclosure of nondetails after an election. Aside from a general disclosure of the types of violations investigated by the Board, we are unable to conceive of any disclosure of the substance of an investigation which would not also disclose details (e.g., the name of the person under investigation). Given the legislature's strong emphasis on confidentiality, we do not believe that the Board can disclose any facts relating to an investigation without violating the statutory prohibition against the disclosure of investigation details.
A strong Campaign Finance Disclosure Law is important to the conduct of honest election campaigns in Missouri. The legislature has not provided the Board with the tools it needs to enforce compliance with the law. In rendering this opinion, we can do no more than interpret existing law; we cannot rewrite the law to do more than the General Assembly has allowed by its express language.
CONCLUSION
It is the opinion of this office that, pursuant to Section 130.066(5), RSMo 1978, Campaign Finance Review Board members and staff may not disclose the existence of an investigation prior to an election involving the candidate or committee under investigation or the details of an investigation at any time despite the fact that such information is available from some other officer or agency. It is further our opinion that the Campaign Finance Review Board begins its investigation for purposes of Section 130.066(5) and (6) upon undertaking a review of reports and statements filed with appropriate election officers, upon receipt of the sworn, written complaint of a citizen alleging a violation of Chapter 130, RSMo, or upon the receipt of the findings of the Secretary of State or other appropriate election officer.
Very truly yours,
 JOHN ASHCROFT Attorney General