STATE OF LOUISIANA ex rel. William
J. GUSTE, Jr. Attorney General

v.

HOME DEPOT, INC. and the Home Depot Store at 62 Westbank Expressway,
Gretna, Louisiana.

STATE OF LOUISIANA ex rel.  William
J. GUSTE, Jr., Attorney General

v.

GAYLORD NATIONAL CORPORA-
TION, etc. et al.

Civ. A. Nos. 83–6063, 83–6068.

United States District Court,
E.D. Louisiana.

June 8, 1984.

Louis M. Jones, Asst. Atty. Gen., Louisiana Dept. of Justice, New Orleans, La., for state of La.

Robert E. Barkley, Jr., Francis R. White, III, and Arnd von Waldow, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, La., For Home Depot, Inc. and Gaylord's.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

These consolidated matters were removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, pursuant to 28 U.S.C. § 1441, which provides for removal of cases which could have been brought in federal court originally. Following a hearing on the merits and prior to final judgment, the Court, *sua sponte*, raised the issue of the propriety of the removal and the jurisdiction of the federal court. Thereafter, plaintiff filed a motion to remand. Following oral argument and considering the memoranda, the record and the law applicable to the issue, the Court granted the motion to remand for the reasons set forth below.

The State of Louisiana, ex rel. William J. Guste, Jr., Attorney General (the State), filed separate suits against the defendants, Home Depot, Inc. (Home Depot) and Gaylord's National Corporation (Gaylord's) for alleged violations of the Louisiana Sunday Closing Laws, L.S.A.–R.S. 51:191 et seq., and the Unfair Trade Practice and Consumer Protection Law, 51:1401 et seq.; seeking injunctive relief, as authorized by the statutes. In their petitions for removal, defendants asserted that "the real party in interest was, and still is, the Louisiana Department of Urban and Community Affairs and/or the Governor's Consumer Protection Division, a division of DUCA, a state agency of sufficient autonomy that it is a citizen of the State of Louisiana for diversity jurisdiction purposes." Defend-

ants alleged that the diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332(a), was thus proper. We find that the agencies in question may not be deemed citizens for purposes of diversity jurisdiction, that the State is the real party in interest in these cases, and that diversity of citizenship, thus, does not exist.

■ It is well-settled that a state is not a "citizen" for purposes of diversity jurisdiction, *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), and thus, if a party to a suit is an agency which is merely an alter ego of the state, federal jurisdiction is lacking. However, it is clear that a state agency may, under certain circumstances, be considered a legal entity separate from the state for purposes of diversity jurisdiction. *C.H. Leavell and Co. v. Board of Commissioners,* 424 F.2d 764 (5th Cir.1970), in which the issue was decided by the Fifth Circuit, *sub judice.* The proper approach for a determination of the alter ego status of a state agency is set forth in the case of *Tradigrain v. Mississippi State Port Authority,* 701 F.2d 1131, 1132 (5th Cir.1983),[1] as follows:

> "If the agency's status is unclear, the court must look to any and all available sources for guidance. Id. [*Huber, Hunt & Nichols v. Architectural Stone Co.,* 625 F.2d 22 (5th Cir.1980)] The court should consider whether the agency has been granted the right to hold and use property, whether it has the express authority to sue and be sued in its corporate name, the extent of its independent management authority, and 'a factor that subsumes all others,' the treatment of the agency by the state courts. Id. at 24–25. When examining the extent of the agency's independent management authority, the court should look to whether the agency has the power to make its own hiring decisions, the power

---

**1.** The Fifth Circuit used the approach outlined in *Huber, Hunt & Nichols v. Architectural Stone Co.,* 625 F.2d 22 (5th Cir.1980), a case which was decided in the context of Eleventh Amendment immunity, and noted that "the analysis of an agency's status is virtually identical whether the case involves a determination of citizenship for diversity jurisdiction." 701 F.2d at 1132.

to enter into its own contracts, and the power to engage its own counsel. *Laje,* supra at 727; *Davis,* supra at 833 (agency which possesses 'generally recognized corporate powers' is a citizen for purposes of diversity jurisdiction); *C.H. Leavell & Co.,* supra at 767. When examining the treatment of the agency by the state courts, this court has taken note of the fact that the state has sued the agency in its own courts, and of a state court holding that the statute of limitations, which did not normally run against the state itself, ran against the agency. *C.H. Leavell & Co.,* supra at 766–767. Other relevant factors might include: (1) whether the state is responsible for the agency's debt; (2) whether the agency is primarily concerned with local, as opposed to statewide problems; and (3) the degree of general financial autonomy of the agency. See *Laje,* supra at 727; Annot., 6 A.L.R. Fed. 615 (1971, supp. 1981). The source material for the Court's analysis is found in the state's constitutional, statutory and decisional law."

■ Generally, the issue involves an examination of the particular entity and its powers and characteristics as created by state law. *Laje v. R.E. Thomason General Hospital,* 665 F.2d 724 (5th Cir.1982). The Court must balance the foregoing factors without losing sight of "the primary question involved," specifically, whether the state is the real party in interest. *Tradigrain v. Mississippi State Port Authority,* supra, at 1133.

■ The organization of the executive branch of state government, including the Department of Urban and Community Affairs, (DUCA) is set forth in Title 36 of the Louisiana Revised Statutes. L.S.A.–R.S. 36:551 A provides that DUCA "shall be a body corporate with the power to sue and be sued." Although the power to sue and be sued is a relevant factor to be con-

sidered under the *Tradigrain* analysis, this consideration loses its significance when viewed with the other Title 36 executive branches of state government. Each of those executive agencies, some twenty in number, are bodies corporate with the power to sue and be sued. Furthermore, the extent of DUCA's independent management authority in its authorized areas of concern, as set forth in L.S.A.–R.S. 36:551 et seq., is comparable to that of other executive agencies in their respective areas of authority. It is also significant that, like other executive agencies, DUCA is financially dependent upon the State for the effectuation of its purpose.[2] Finally, we find it highly significant that in enumerating the offices, purposes and functions of the agency, L.S.A.–R.S. 36:558 E reads as follows:

"The office of consumer protection *shall perform the functions of the state* relating to consumer protection ..., advise the attorney general with respect to unfair or unlawful methods of competition...." [emphasis supplied.]

As in the *Tradigrain* case in which the Fifth Circuit examined the enabling act of a state agency when confronted with the issue before us, we find that "[t]he language in the statute strongly suggests that the legislature considered the [Department] an alter ego of the State." 701 F.2d at 1133.

Defendants Home Depot and Gaylord's rely heavily on the case of *State v. Fedders Corp.,* 524 F.Supp. 552 (M.D.La.1981), in which DUCA was found to be a separate and distinct entity for purposes of diversity jurisdiction. However, that case was decided prior to *Tradigrain,* and while the district court applied certain of the factors set forth by the Fifth Circuit as controlling, its analysis was far from identical. Specifically, the *Fedders* decision does not reflect a consideration of the strong suggestion in

---

**2.** In a suit seeking to impose liability in the form of damages, the state is the real party in interest where such funds must be paid from the State's treasury. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Sessions v. Rusk State Hospital,* 648 F.2d 1066

(5th cir.1981); *Usry v. Louisiana Department of Highways,* 459 F.Supp. 56 (E.D.La.1978). Although in the instant case, monetary damages are not sought, the degree of financial autonomy of the agency and its source of funding are, nonetheless, important factors to consider.

the language of the statute that the legislature, in creating the Department, considered it to be an arm of the State in the effectuation of the purposes of the Department's offices. Yet, the Fifth Circuit's decision in *Tradigrain* rested heavily on this consideration. Furthermore, in the case of *Kurkiewicz v. State of La.*, 560 F.Supp. 911 (M.D.La.1983), which was decided post-*Tradigrain*, the district court held that the Department of Health and Human Resources, an agency with a statutory grant of authority in its area of concern similar to that of DUCA, was not an entity separate and distinct from the State, and that the State was the real party in interest.[3]

We hold that DUCA is not an entity separate and distinct from the State for purposes of diversity jurisdiction. Likewise, the Governor's Consumer Protection Division, a division of DUCA, is also an arm of the state.[4]

Defendants further contend that the private entities which filed complaints with the Attorney General concerning defendants' violations of the statutes in question are the real parties in interest. This contention is without merit. The mere fact that those entities may ultimately benefit from the relief sought does not necessarily render them real parties in interest. *Richards v. Reed*, 611 F.2d 545 (5th Cir.1980). There is no doubt that the State has the substantive right to enforce its laws on behalf of its citizens, and the statutes in question specifically confer that right upon the State. The State's substantive right in that regard is not affected by the fact that the right to seek similar relief may also be conferred upon private citizens.[5]

To summarize our holding in this regard, we find that neither the evidence before the Court, nor the pertinent state statutes, indicate that the State is not the real party in interest in this litigation. All complaints relative to defendants' alleged violations of the law were made directly to the Attorney General's office, and all action directed towards enforcing the state's laws was taken by the Attorney General on behalf of the State.

Finally, we address the State's request for attorney's fees and costs incurred in the removed proceedings. Such an award is within the discretion of the Court, pursuant to 28 U.S.C. § 1447(c).[6] However, since the jurisdictional issue was raised by the Court *sua sponte*, and was not raised until after a hearing on the merits, we find that such an award would not be just, and the State's motion is denied in this respect.

Accordingly, and for the foregoing reasons, this Court is without subject matter to hear these cases; thus, it is ordered that these matters be and they are hereby remanded to state court, each party to bear its own costs relative to the removed proceedings.

---

**3.** See also, *Wright v. Moore*, 380 So.2d 172, 173 (La.App.1st Cir.1979), in which the state court characterized the Department of Health and Human Resources as an arm of the State, holding that "the State of Louisiana is the real party at interest and is indistinguishable from its executive departments."

**4.** See Title 51, Chapter 13, Unfair Trade Practices and Consumer Protection Law, § 1401 et seq., which includes the statutory grant of authority of the Consumer Protection Division. There is no indication in this chapter that the Consumer Protection Division could be con-

sidered the real party in interest in this litigation.

**5.** See, e.g., L.S.A.–R.S. 51:1409, authorizing private actions based upon unlawful trade practices under the Unfair Trade Practices and Consumer Protection Law, L.S.A.–R.S. 51:1401 et seq.

**6.** 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order payment of just costs."