715 F.Supp. 1455 (1989)
STATE OF MISSOURI, ex rel. William L. WEBSTER, Attorney General, State of Missouri, Plaintiff,
v.
BEST BUY CO., INC. d/b/a Best Buy Company of Minnesota, Inc., and Best Buy, Defendants.
BEST BUY COMPANY, INC., Plaintiff,
v.
William L. WEBSTER, Defendant.
Nos. 88-2162 C (5), 89-343 C (5).
United States District Court, E.D. Missouri, E.D.
July 12, 1989.
*1456 William L. Webster, Atty. Gen., pro se in No. 88-2162 C (5).
Peter Lumaghi, Asst. Deputy Atty. Gen., Lewis C. Green and John R. Green, II, St. Louis, Mo., for William L. Webster in No. 88-2162 C (5).
Dominic Troiani, Richard A. Wunderlich and Helmut Starr, Lewis and Rice, St. Louis, Mo., and Elliot S. Kaplan and David W. Beehler, Robins, Kaplan, Miller and Ciresi, Minneapolis, Minn., for Best Buy Co. in No. 88-2162 C (5).
Elliot Kaplan, Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., Gregg Lombardi, Stinson, Mag & Fizzell, Kansas City, Mo., for Best Buy Co. in No. 89-343 C (5).
Deborah Neff, Asst. Atty. Gen., Jefferson City, Mo., for William L. Webster in No. 89-343 C (5).

ORDER
LIMBAUGH, District Judge.
This action arises from numerous consumer complaints about defendant Best Buy's merchandising practices. Suing under § 407.100 of the Revised Missouri Statutes, the State of Missouri, by its Attorney General, alleges that Best Buy has engaged in repeated activities in violation of the Missouri Merchandising Practices Act. Plaintiff seeks injunctive relief, civil penalties and restitution for aggrieved consumers.
The State originally commenced this action in Missouri state court. Shortly thereafter, defendant removed the case to this Court on the basis of diversity jurisdiction. Presently before the Court is the State's motion to remand the case on the ground that diversity jurisdiction does not exist. 28 U.S.C. § 1447(c).
Plaintiff contends that this case was improperly removed because the Attorney General, as the alter ego of the State of Missouri, is not a citizen for purposes of diversity jurisdiction. Defendant, however, maintains that plaintiff's request for relief for aggrieved consumers is not brought on behalf of the State of Missouri, but on behalf of a group of Missouri citizens. Thus, the State is not the real party in interest, and should be disregarded in determining whether diversity of citizenship exists.
On a motion to remand, the removing party has the burden of proving that removal was proper and that the federal court has jurisdiction. Williams v. Republic Iron and Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Removal of this case was proper if this Court has diversity jurisdiction over the action. Diversity jurisdiction extends to suits between parties whose state citizenship is completely diverse. 28 U.S.C. § 1332. Defendant is a Minnesota corporation, and consequently a *1457 citizen of Minnesota for diversity purposes. 28 U.S.C. § 1332(c).
As for plaintiff, State of Missouri, it is well established that states are not "citizens" for purposes of diversity jurisdiction. Moor v. County of Alameda, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 1800, 36 L.Ed.2d 596 (1973). Therefore, diversity jurisdiction may not be asserted over an action to which a state is a real party in interest. State Highway Commission v. Utah Constr. Co., 278 U.S. 194, 199-200, 49 S.Ct. 104, 105-06, 73 L.Ed. 262 (1920). Thus, the issue to be resolved to ascertain if diversity jurisdiction exists over this action is whether the action is, in essence, brought by the State of Missouri. If so, the parties are not diverse, and this case must be remanded.
Initially, it is important to note that the disputed issue before this Court is not whether the Attorney General is the alter ego of the state; he clearly is. The Missouri Attorney General is empowered to commence suits on behalf of the state pursuant to § 27.060, R.S.Mo., which states:
The attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary; and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved.
The Attorney General initiated this action pursuant to § 407.100, R.S.Mo., which authorizes him to file suit on behalf of the state for violations of the Merchandising Practices Act. That the Attorney General brought this action in his official capacity on behalf of the state is abundantly clear from an examination of the complaint filed in the Missouri action. Thus, the issue is not whether the Attorney General is the alter ego of the state, but whether the Attorney General, as the State's alter ego, is the true party in interest.[1]
The Attorney General is a proper party to bring an action on behalf of the state which involves public rights and would prevent injury to the welfare of the people of the state. State ex rel. Taylor v. Wade, 360 Mo. 895, 231 S.W.2d 179, 182 (1950). The purpose of the Missouri Merchandising Practices Act is to promote fundamental honesty, fair play and right dealings in public transactions. Missouri ex rel. Danforth v. Independence Dodge, Inc., 494 S.W.2d 362, 370 (Mo.App.1973). The Attorney General brings this action on behalf of the State which is clearly a true party in interest.
Defendant claims that the State loses its "true party in interest" status because it seeks relief which does not inure solely unto itself, but which benefits a specific group of Missouri citizens. The State seeks three kinds of relief in this action: injunctive relief, civil penalties payable to the State, and restitution to the aggrieved consumers. Although plaintiff seeks relief for injured citizens, it is obvious that the State's purpose of seeking widespread relief is not merely to vindicate the interest of a few private parties. Rather, it is to accomplish the purposes of the Act. The Attorney General brought this action on behalf of the State primarily to secure public rights, and protect the welfare of the people of this state.
This conclusion is not altered by the State's decision to seek restitutionary relief on behalf of those who have allegedly been injured by Best Buy. The recovery of damages for aggrieved consumers is but one aspect of the case. The main focus of the case is in obtaining injunctive relief designed to vindicate the State's interest in preserving fundamental honesty, fair play and right dealings in public transactions. Although the Eighth Circuit has yet to rule on this issue, the few jurisdictions that *1458 have, have reached the same conclusion.[2]Nuclear Engineering Co. v. Scott, 660 F.2d 241, 250 (7th Cir.1981); State of New York by Abrams v. General Motors Corp., 547 F.Supp. 703 (S.D.N.Y.1982) ("that recovery on behalf of an identifiable group is also sought should not require the Court to ignore the primary purpose of the action, and to characterize it as one brought solely for the benefit of a few private parties."); Illinois ex rel. Scott v. Hunt Internat'l. Resources Corp., 481 F.Supp. 71 (N.D.Ill. 1979) (State of Illinois held to be a real party in interest in a suit by its Attorney General to enjoin violations of the Illinois Consumer Fraud and Deceptive Practices Act and to obtain damages and restitution for consumers injured by those violations).
Accordingly, the State is the true party in interest. As such, the State is not a citizen for diversity purposes. Thus, diversity of jurisdiction does not exist and this Court must remand this action to state court.
Defendant contends in the alternative that this Court has diversity jurisdiction over this case in that the Attorney General, by seeking to enforce an unconstitutional state statute, becomes the real party plaintiff in his individual capacity, because such an act constitutes an act outside the scope of his lawful authority. The Court finds this argument untenable for the reasons set forth by the Seventh Circuit in Nuclear Engineering Co. v. Scott, 660 F.2d 241, 250-51 (7th Cir.1981), and the cases cited therein.
Defendant, the removing party, has failed to meet its burden of proving that removal was proper and that this Court has jurisdiction.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand is GRANTED. This cause is remanded to the St. Louis County Circuit Court, State of Missouri.
IT IS FURTHER ORDERED that all other outstanding motions are DENIED as moot.
NOTES
[1] The majority of the cases relied on by the parties in their memoranda addressed the issue of whether a state official or agency is the alter ego of the state. Very few of the cases discussed the specific issue before the Court.
[2] The defendant relies heavily on the case of State ex rel. Guste v. Fedders Corp., 524 F.Supp. 552 (N.D.La.1981). The holding in that case, however, has been substantially undermined by Tradigrain v. Mississippi State Port Authority, 701 F.2d 1131 (5th Cir.1983). See, State of Louisiana ex rel. Guste v. Home Depot, Inc., 589 F.Supp. 1254 (E.D.La.1984). The defendant also relies heavily on the Supreme Court decision Missouri, Kansas and Texas Railway Co. v. Hickman, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78 (1901). That decision, however, addressed the issue of whether an agency was the State's alter ego. See supra, note 1.